J. A. EDSON, *as Receiver, etc., Appellant,* v. THE CITY OF OLATHE, *Appellee.*

No. 16,202.

SYLLABUS BY THE COURT.

DAMAGES—*Liability of a City—Misfeasances of Officers Acting in a Governmental Capacity.* The state does not guarantee the judgment or fidelity of its officers and agents in their conduct of political affairs, and municipal corporations, erected for purposes of local government, are not liable for misfeasances of their officers when acting in a governmental capacity with respect to matters of general public concern. The principle of *respondeat superior* does not apply in such cases.

Appeal from Johnson district court; WINFIELD H. SHELDON, judge. Opinion denying a rehearing, filed

March 12, 1910.  (For original opinion see *Edson v. Olathe*, 81 Kan. 328.)

*A. F. Hunt, jr., F. R. Ogg, S. D. Scott,* and *S. T. Seaton,* for the appellant.

*C. L. Randall,* city attorney, for the appellee.

The opinion of the court was delivered by

BURCH, J.:  The original opinion (81 Kan. 328) shows that the cause of action presented by the petition was based on the passage of the repealing ordinance. This position, it was said, was finally abandoned in this court, and error was predicated upon a theory not embraced in the petition.  In a petition for a rehearing it is said the plaintiff did not abandon the claim that the passage of the repealing ordinance gave a cause of action.  The court accepted and acted upon the declaration of counsel for the plaintiff made in an addendum to the reply brief which reads as follows:

"The plaintiff in this case does not rely on the *passage* of the ordinance as a cause of action, but on the *ministerial act of publication,* and the *subsequent* repudiation of the contract by the city and its *arbitrary* refusal to proceed with the contracts [and] approve its bonds and plans, without which the plaintiff could not lawfully enter upon the streets."

The italics are those of the brief-maker.

Ordinarily the court must decline to give its opinion upon questions which have been withdrawn from its consideration.  Since, however, in this instance the only cause of action stated in the petition was for the passage of the repealing ordinance, and the petition for a rehearing indicates a desire for a ruling upon the sufficiency of the petition in its true aspect, the court will state its views.

In passing the repealing ordinance the mayor and council were for the time the legal equivalent of the legislature of the state of Kansas.  The repealing ordinance was a public law promulgated by the sovereign

authority of the state. No private proprietary corporate function or interest of the city was involved. The purely local good of the community was a desideration only as it was a part of the general public welfare. The constitution of the United States is a paramount law of the land. The state legislature and its agent and representative in this matter, the city legislature, were bound to observe that law. From the face of the petition it appears the city did not do this and that, consequently the repealing ordinance was void. If proper application had been made to any court of the state having jurisdiction the ordinance would have been adjudged to be a nullity, and all the officers and agents of the city would have been restrained and enjoined from enforcing the ordinance and from disturbing the plaintiff in the enjoyment of its franchise rights. Besides this, any person acting under the warrant of the void ordinance who trespassed upon the plaintiff's rights would, in a proper action, be adjudged to pay the damages he occasioned. But the law of this state affords the plaintiff no other remedies. The state does not guarantee the judgment or fidelity of its governmental officers and agents in their conduct of political affairs, and municipal corporations, erected for purposes of local government, are not liable for misfeasances of their officers when acting in a governmental capacity with respect to matters of general public concern. The principle of *respondeat superior* does not apply in such cases. Therefore the petition fails to state a cause of action.

Other matters presented by the petition for a rehearing require no further notice, and the petition is denied.