Nelson, Plaintiff in error, vs. The State, Defendant .in error.

*May 4—May 21, 1918.*

. *Public health: Tenement houses: Requirement as to basement rooms: Constitutional law: Retroactive statute: Police power: Property rights: Remodeling of buildings: Reasonableness of regulations.*

1. Sec. 1636—195, Stats. 1915 (providing that in cities of the first class "no room in the cellar or basement of any apartment, tenement, lodging or boarding house shall be . . . occupied for living purposes unless" certain conditions as to height of ceiling from floor and above level of the lot, window openings, etc., are complied with), applies to buildings existing when the law was enacted in 1909, but is not for that reason retroactive, since it operated only upon conditions existing after it went into effect.

2. Such a law is a valid exercise of the police power to prescribe reasonable regulations for the preservation of the public health, even though it may affect property rights by requiring the remodeling of basement tenements, notice to owners and a reasonable time for compliance being provided for.

3. Determination of what is reasonable in such a case is generally a legislative function the exercise of which will not be interfered with by the courts unless clearly exceeding the bounds of reason.

Error to review a judgment of the municipal court of Milwaukee county: A. C. Backus, Judge. *Affirmed.*

Plaintiff in error was convicted of violating the provisions of sec..1636—195, Stats. 1915, which forms a part of ch. 394 of the Laws of 1909, being the tenement house act, applicable to cities of the first class. The section reads:

"No room in the cellar or basement of any apartment, tenement, lodging or boarding house shall be constructed, altered or occupied for living purposes unless all of the following ·conditions are complied with: Such rooms shall be at least eight feet high in every part from the floor to the ceiling; the ceiling of such room shall be at least four feet above the level of the lot; such room shall have a window or win-

dows opening upon the street, yard or outer court and the total window area shall be at least one tenth the superficial floor area of the room; one half of sash of such window shall be made to open the full width; the walls and floor of such room shall be dampproof and waterproof, and fit for human habitation as determined by the departments charged with the enforcement of sections 1636—180 to 1636—201, inclusive."

Plaintiff in error contends that the law is unconstitutional in so far as it is construed to apply to him, because the evidence shows that his building was in existence at the time of the passage of the act and has remained unchanged ever since; that the act was intended to apply only to buildings constructed or remodeled after its passage and not to existing buildings; that if applicable to such it is unconstitutional because retroactive and unreasonable.

For the plaintiff in error there was a brief by *Joseph A. Padway,* attorney, and *A. W. Richter,* of counsel, both of Milwaukee, and oral argument by *Mr. Richter.*

For the defendant in error there was a brief by the *Attorney General, Winfred C. Zabel,* district attorney of Milwaukee county, and *Arthur H. Bartelt,* assistant district attorney, and oral argument by *Mr. Bartelt.*

VINJE, J.    It appears from the evidence that plaintiff in error was the owner of a tenement house in Milwaukee with basement rooms used for living purposes that did not comply with the requirements of the section quoted in the statement of facts because their ceilings were not four feet above the level of the lot. It also appears that pursuant to sec. 1636—200, Stats., plaintiff in error was duly notified that his basement rooms constituted a nuisance and he was given a reasonable time in which to make them comply with the law. He declared his intention to do so by raising the building, and secured an extension of time within which to raise it to June 1, 1915. He failed to abate the nuisance, and on December 4th following the complaint in this case was made.

He claims the law is unconstitutional in so far as it is construed to apply to buildings in existence at the time of the passage of the law because it is retroactive.   It is admitted on behalf of the state that his building was constructed long before the law was enacted in 1909, but it claims the law applies to his building and that it is reasonable and not void even though it contains retroactive features.   We are unable to discover any retroactive features in the law.   It took effect from and after its passage and publication, June 15, 1909.   It operated only upon conditions existing after it went into effect.   It did not make conditions existing previous thereto unlawful.   It did not make them unlawful as of a time when they were lawful.   It only prescribed what conditions should be deemed lawful after it went into effect, and it operated alike upon buildings existing and those to be erected in the future.   Only by so doing could it adequately effectuate its purpose.   If it acted only upon buildings to be constructed in the future, a part of the evil sought to be remedied would endure for generations, for buildings last a long time if kept in a proper state of repair.   So it is clear both from the language and the purpose of the act that it applies to existing buildings.

When it is borne in mind that there is a consensus of opinion not only among the medical profession but also among people generally that insufficient light and air and dampness are deleterious to health, it is apparent that the provisions of the law which aim to prevent such conditions are reasonable. It is well within the police power to prescribe reasonable regulations for the preservation of the public health.   *State v. Redmon,* 134 Wis. 89, 114 N. W. 137; *Benz v. Kremer,* 142 Wis. 1, 125 N. W. 99; *Mehlos v. Milwaukee,* 156 Wis. 591, 146 N. W. 882, and cases there cited.   And a determination of what is reasonable is generally a legislative function the exercise of which will not be interfered with by the courts unless clearly exceeding the bounds of reason.   *Benz v. Kremer, supra.*   And where such exercise is within the

bounds of reason the fact that property rights may be affected does not invalidate the law.    *Ibid.*    The present law may require the remodeling of basement tenements, but it does so in the interest of public health, and it seeks to render them more habitable and therefore more desirable so that the necessary expenditure of remodeling may be in part if not wholly recouped.    But be that as it may, the power to require the remodeling in the interests of public health is unquestioned even if done at some financial loss.

The law provides for notice to those coming under it and a reasonable time is given them to comply with its wholesome provisions.    It is therefore neither unreasonable in what it requires done nor in the manner in which it must be done. It follows that the law is a valid exercise of police power and that the plaintiff in error was lawfully convicted and sentenced.

*By the Court.*—Judgment affirmed.