## BROWN et al. v. GRANT. (No. 7890.)

Court of Civil Appeals of Texas. San Antonio. Jan. 18, 1928.

**1. Municipal corporations ⬤⇒601—Ordinances regulating character of buildings within prescribed boundaries, and requiring building permits, must relate to future.**

While municipal government has right, under police power, to prescribe rules regulating character of buildings to be erected and material to be used within certain prescribed boundaries, and to require permits before entering on their construction, such ordinances must relate to the future.

**2. Constitutional law ⬤⇒93(1)—Building permit created vested right to complete building begun before passage of prohibitory ordinance.**

City building permit, under which one to whom issued began work and spent money before passage of fire prevention ordinance prohibiting construction of such building, created a vested right in him to complete work, under both state and Federal Constitutions.

**3. Municipal corporations ⬤⇒724—Ordinarily, city is not liable for damages for repealing ordinance.**

Ordinarily, a city would not be liable for damages for repealing an ordinance.

**4. Constitutional law ⬤⇒190—Ordinance passed after accrual of right to erect building of kind prohibited is retroactive and ineffective.**

Fire prevention ordinance, passed after right to construct building of kind prohibited

thereby accrued under building permit, would be retroactive and without force or effect as affecting individuals' rights.

**5. Constitutional law ⊚⊸121(2)—Building permit evidences contract, not affected by ordinance passed after commencement of building.**

City building permit evidences, as matter of law, a contract, which cannot be affected by ordinance passed after commencement of building.

**6. Nuisance ⊚⊸23(1)—Remedy for injury to property rights by erection of building constituting nuisance is not by injunction.**

Remedy for injury to property rights, if building erected on nearby land creates a nuisance, is not by injunction.

**7. Appeal and error ⊚⊸1071(5)—Clerical error in finding that plaintiff's building was southeast, instead of northwest, of defendant's nonfireproof building held immaterial in suit to enjoin erection and compel removal of latter.**

In suit for permanent injunction against erection of, and mandatory order to remove, building near plaintiff's building, as violation of fire prevention ordinance, clerical error in court's finding that plaintiff's building was southeast, instead of northwest, of defendant's building, *held* immaterial as only a matter of description, deceiving no one, and not affecting matters in controversy.

**8. Nuisance ⊚⊸23(2)—Plaintiff, seeking to enjoin erection of nonfireproof building, held concluded on issue of damages by finding of no material fire hazard.**

In suit to enjoin erection of building on lots near plaintiff's building as violation of fire prevention ordinance, finding that plaintiff's building was not subjected to any material fire hazard concludes plaintiff on issue of damages; thing sought to be enjoined having been accomplished, and damages being recoverable only at law.

**9. Nuisance ⊚⊸24—Mandatory injunction to remove building will not lie, where plaintiff had full knowledge of all facts concerning erection.**

Mandatory injunction to remove building erected near plaintiff's building, in violation of fire prevention ordinance, will not lie, where plaintiff had full knowledge of all facts concerning its erection, as resort should have been to injunction to prevent threatened injury.

**10. Nuisance ⊚⊸25(2)—Mandatory injunction will not lie to compel removal of building as nuisance, after conducting business therein for one year.**

Defendant having conducted business for one year in building, for erection of which he expended money and let contract before passage of fire prevention ordinance prohibiting erection of such building, no mandatory injunction will lie to destroy such business by compelling removal of building on theory that it is a nuisance.

Appeal from District Court, Hidalgo County; J. E. Leslie, Judge.

Suit by Mrs. Myrtle B. Brown and others against John F. Grant. Judgment for defendant, and plaintiffs appeal. Affirmed.

Ed Yarbrough and Neal A. Brown, both of Edinburg, for appellants.

W. R. Montgomery and W. H. Sadler, both of Edinburg, J. C. Hall, of San Antonio, and E. A. McDaniel, of McAllen, for appellee.

COBBS, J. This suit was instituted by appellant against appellee, alleging that she was the owner of lots 17 and 18, block 208, and defendant the owner of lots 2 to 7, consecutively, block 233, all located within the fire limits of the city of Edinburg, Tex.; that defendant's lots were directly across the street, about 70 feet from plaintiff's lots; that there was located on plaintiff's lots an 18-room, two-story frame building, owned by plaintiff, and operated by her as a family hotel, and occupied by her and her family as their residence; that on August 24, 1926, the city of Edinburg passed an ordinance entitled "Ordinance for Fire Prevention."

Plaintiff further alleged that, after the taking effect of said ordinance, defendant wrongfully and in violation thereof constructed a building of wood material and corrugated iron material upon said lots about 70 feet south and southeast of plaintiffs' building, the same being nonfireproof material; said building being in two sections of the dimensions of 150x24 feet each, running east and west; that said building was erected by defendant over the protest of plaintiff; that defendant had placed and stored in said building large stocks of lumber, oils, and paints, thus augmenting the infringement of the rights of plaintiff under said ordinance; that the prevailing winds in Edinburg are from the east and southeast.

Plaintiff alleged that said building of defendant constituted a nuisance, and subjected plaintiffs' building and contents, valued at several thousand dollars, to imminent danger of destruction by fire, decreases the value of plaintiffs' building and property, renders the same less salable, and the use thereof less safe and comfortable because of the added fire hazard caused by defendant's nonfireproof building, and increases the hazard of loss of life to plaintiffs' family and 15 or 18 guests from fire spreading from defendant's to plaintiffs' building. Plaintiff alleged that the injury complained of was permanent, continuous, and irreparable, and that they had no adequate remedy at law.

The prayer of the petition was for a permanent injunction, and likewise for a mandatory order to compel defendant to remove his said building from said lots. The defendant filed pleas of privilege demanding said cause be transferred to Harris county, his domicile, which the court overruled, and is not now important, as it is waived by de-

fendant. Defendant also filed responsive pleadings. The case was tried by the court without a jury, and judgment was rendered in favor of appellee.

We do not think any error was committed by the court in any of its rulings calling in question the pleading of defendant. Indeed, all the questions raised by the exceptions were considered and again passed upon in the court's findings of fact and conclusions of law.

The findings of fact and the conclusions of law of the court are set out in the very first page of appellee's brief as an additional statement of the "nature and result of the suit," and the facts therein stated are sufficiently supported by the material testimony introduced, so we adopt them. Based upon the testimony, the court concluded:

"(1) I conclude as a matter of law that, said buildings having been commenced, and having been wellnigh completed, in pursuance of permit from the city of Edinburg, and before the taking effect of said ordinance, said ordinance was not retroactive as to said buildings, and that it was not a violation of said ordinance for said Grant to complete said buildings even after the taking effect of said fire ordinance.

"(2) I conclude that, said buildings having been under construction and very near completed at the time of the taking effect of said ordinance, I have no authority to order the removal of same from the property, as prayed for by plaintiffs.

"(3) I conclude as a matter of law that the completion of a building already commenced is not the erection, repairing, or moving of a building."

[1] No one gainsays that a municipal government within its police power has the right to prescribe rules regulating the character of buildings to be erected and the material to be used within certain prescribed boundaries, and also requiring permits to be first obtained before entering on their construction. But such ordinances must be and relate to the future. Of course, that does not prevent cities from moving to abate nuisances whenever occurring.

[2, 3] The defendant, in pursuance to the power and rights conferred by the city permit, began his work and spent money on the building prior to its attempted repeal. This permit under the ordinance created a vested right in him to complete the work in hand, and he was protected by all laws and Constitution, both state and federal. The action of the city in granting a repeal in so far as his rights are concerned was equivalent to the violation of a contract. Ordinarily, the city would not be liable for damages for repealing an ordinance. It is held in James v. City of Toledo, reported in (Ohio App.) 157 N. E. 309:

"Is the city liable for such damages? If the city in what it did in the premises was acting in a governmental capacity, such liability would not arise. This nonliability in damages for governmental acts of municipalities has long been established and is a fundamental principle of the law. The matter of issuing and revoking building permits is clearly an exercise of such power, as has often been held. In Clinard v. City of Winston-Salem, 173 N. C. 356, 91 S. E. 1039, this question was directly involved, and it was there held that the exercise of power by a municipality, under a valid ordinance, to grant or refuse a building permit or license, is a governmental function, for which the city cannot be held in damages. In thus acting, the city was a representative of the state, and for this reason it was held there was no liability in damages. The same principle was announced in Claussen v. City of Luverne, 103 Minn. 491, 115 N. W. 643, 15 L. R. A. (N. S.) 698, 14 Ann. Cas. 673; Edson, Receiver, v. City of Olathe, 81 Kan. 328, 105 P. 521, 36 L. R. A. (N. S.) 861; Edson, Receiver, v. City of Olathe, 82 Kan. 4, 107 P. 539, 36 L. R. A. (N. S.) 865; Davis v. Mayor, etc., of Borough of Bromley, [1908] 1 K. B. 170; 1 British Ruling Cases, 345, and annotations.

"We call attention to Smith v. Major, 16 Ohio Cir. Ct. R. 362, 8 O. C. D. 649. The Supreme Court of Ohio in City of Cleveland v. Ferrando, 114 Ohio St. 207, 209, 150 N. E. 747, stated that the issuing of a permit was a police regulation and governmental in character. The Supreme Court of the United States, in Village of Euclid v. Ambler Realty Co., 272 U. S. 365, 47 S. Ct. 114, 71 L. Ed. 303, decided November 22, 1926, had under consideration the exercise of similar powers."

[4] In this case the ordinance subsequently passed, after the rights of appellee accrued, would be retroactive, and without force or effect, so far as it affects individuals' rights.

[5, 6] The completion of the building after its commencement was authorized by the permit, which, as a matter of law, evidenced a contract which cannot be affected by the ordinance. If, after its completion, the building became a nuisance such as is within the power of the city to abate by legal proceedings for that purpose, another rule of law would arise not necessary to discuss here. If the building creates a nuisance, and injures appellants' property rights, the remedy is not by injunction. The application for injunction came too late in this case, and is without equity.

[7] The clerical error made in the court's finding that the rooming house of appellant was southeast of the building constructed by John F. Grant, instead of northwest, is of no material consequence; it being only a matter of description, and no one is deceived thereby, and it does not affect the matters in controversy.

It is shown that defendant commenced the erection and construction of the building prior to the passage of the retroactive ordinance, and continued its improvement, thereby secured a valid contract and vested right to complete it.

[8] If the building of plaintiff was found not to be subject to any material fire hazard by reason of the construction of the said building, she is shown to be without injury, and this finding of the court concludes her on the issue of damages, in this case, because the thing sought to be enjoined has already been accomplished, and, if damaged, appellants' clear remedy is at law, and not here.

[9] Mandatory injunction will not lie when the party had full knowledge of all the facts concerning the erection of the building, for in that case his resort should have been to an injunction to prevent the threatened injury which was entirely available.

[10] Having, as found by the court and sustained by the proof, expended money in his work and the purchase of material, and letting the contract at the time of the passage of the ordinance, appellee had the valid right to carry out his building plans. No fire ordinance would stop him or deprive him of his vested right. Having conducted his business therein for a period of one year, no mandatory injunction would lie to destroy this business, on the theory that it is a nuisance.

We have found no error in the ruling that should either cause a reversal of the cause or the rendition of a judgment in favor of appellants.

The judgment of the trial court is affirmed.