ADAMS *v*. KALAMAZOO ICE & FUEL CO.

1. MUNICIPAL CORPORATIONS—PURPOSE OF ZONING ORDINANCE—RETROACTIVE EFFECT.

   The legitimate purpose of a zoning ordinance, in its restrictive provisions relative to a residence district, is to preserve and not to disrupt existing conditions, and therefore it may not be given retroactive effect.

2. SAME—USE OF PREMISES NOT AFFECTED BY ZONING ORDINANCE AFTERWARDS ENACTED.

   Where an occupational use of premises is seasonal, and the means for use are installed, and the opening of the season only awaited, there exists lawful occupational use of the same nature as periods of inactivity between seasons, and such use may not be affected by a zoning ordinance afterwards enacted.

3. NUISANCE—ICE STATIONS—REGULATION.

   If an ice station is a nuisance by reason of method of its operation, then regulation, if adequate, and not abatement, is the remedy.

As to whether ice manufacturing or distributing plant is nuisance, see annotation in 41 A. L. R. 626.

4. SAME—WHEN EQUITY WILL AFFORD PROTECTION AGAINST NUI-
SANCE.

While the court of equity has power to abate nuisances in pro-
tection of property rights, and to conserve the enjoyment,
health, comfort, and welfare of individuals, it moves with
caution, deciding each case upon its particular facts, and
accords protection against injury only in cases where an action
at law would afford no adequate redress.

5. SAME—PRIVATE NUISANCE ARISING OUT OF MANNER OF OPERATION.

If a nuisance is private and arises out of a particular manner of
operating a legitimate business, the court will do no more
than point to the nuisance and decree adoption of methods cal-
culated to eliminate the injurious features.

6. SAME—UNSIGHTLY BUILDING NOT A NUISANCE.

A small building in a residential district used in cash and
carry ice business, although unsightly, is not in any sense a
nuisance.

7. SAME—WATER FROM MELTED ICE NOT A NUISANCE.

Water from melted ice, unless stagnant and a menace to health,
is not a nuisance.

8. SAME—STOPPING AND STARTING AUTOMOBILES NOT A NUISANCE.

Automobiles stopped and started in the street with usual noise
and emission of smoke and gas fumes cannot be declared a
nuisance.

9. SAME—CASH AND CARRY ICE BUSINESS OPERATED IN RESIDENTIAL
DISTRICT.

In a suit to enjoin the operation of a cash and carry ice busi-
ness in a residential district, injunction is refused, but the
operators are required to adopt measures by which cakes of
ice will be delivered quietly, and patrons enabled to attract
the attention of the attendant without tooting automobile
horns.

Appeal from Kalamazoo; Warner (Glenn E.), J.,
presiding. Submitted October 3, 1928. (Docket
No. 38, Calendar No. 33,559.) Decided December 4,
1928.

Bill by Jonathan C. Adams and others against the Kalamazoo Ice & Fuel Company to enjoin the operation of business in a residential district. From a decree dismissing the bill, plaintiffs appeal. Modified and affirmed.

*Marvin J. Schaberg* and *Joseph S. Folz,* for plaintiffs.

*Harry C. Howard,* for defendant.

WIEST, J.   In this case, owners of property in a residence district in the city of Kalamazoo seek to restrain defendant from operating a cash and carry ice supply service station, on its premises, in their neighborhood.   In the circuit court the bill was dismissed, and plaintiffs appealed.

August 11, 1924, defendant purchased the lot at the northeast corner of Park and Dutton streets, tore down an old residence standing thereon, leveled the ground, and, January 5, 1925, placed thereon a small building for use as an ice service station and commenced the use of it June 5, 1925.   That corner is in an old-established residence and church district. At the station, ice is served to customers and carried away in automobiles, carts, baby cabs, upon lawn mowers and sometimes dragged along the sidewalk.   January 26, 1925, the city of Kalamazoo adopted a zoning ordinance, designating therein the locality here involved as a residence district, excluded entry thereafter of business like defendant's, but saved existing nonconforming uses from its operation.

It is urged in behalf of plaintiffs that defendant, anticipating the enactment of the zoning ordinance, placed the ice station building on the premises.   The evidence affords support to this claim, but when

plaintiffs appealed to the ordinance for protection, defendant had a right to make like appeal. The ordinance excepts from its restrictive provisions existing nonconforming uses, but, even if it did not contain such an exception, we cannot hold its restrictions retroactive, though defendant, anticipating its enactment, purchased the property and placed its small distributing building thereon. Threatened invasion of a residence district by business may be an impelling reason for affording protection by way of a zoning ordinance, but such an ordinance may not operate to remove business found there. The legitimate purpose of a zoning ordinance, in its restrictive provisions relative to a residence district, is to preserve and not to disrupt existing conditions.

Defendant's use of the station is seasonal. When defendant became owner of the premises, removed the old building, fitted the ground for and placed its ice station building thereon and only awaited the ice demand season to serve the public, it occupied the premises in fact and for use in selling ice, and such was a lawful use of the premises existing at the time of the adoption of the zoning ordinance and a nonconforming use expressly excepted from its provisions. Where an occupational use of the premises is seasonal, and the means for use are installed, and the opening of the season only awaited, there exists lawful occupational use of the same nature as periods of inactivity between seasons.

Plaintiffs concede that an ice distributing station is not a nuisance *per se,* but contend that this one is a nuisance *per accidens.* If the ice station is a nuisance by reason of method of its operation, then regulation, if adequate, and not abatement, is the remedy.

It is claimed that ice is delivered at the station in large blocks and unloaded with noise; patrons drive to the street curb and toot automobile horns to attract attention of the attendant, call out their orders, and, in stopping and starting the cars, gases are emitted to such an extent as to require windows in the vicinity to be kept closed, and that the noise, disturbance, and odors, interfere with the health of residents and the enjoyment of their homes, every day, inclusive of Sunday, and the values of their properties have been depreciated.

While the court of equity has power to abate nuisances in protection of property rights, and to conserve the enjoyment, health, comfort, and welfare of individuals, it moves with caution, deciding each case upon its particular facts, and accords protection against injury only in cases where an action at law would afford no adequate redress. If a nuisance is private and arises out of a particular manner of operating a legitimate business, the court will do no more than point to the nuisance and decree adoption of methods calculated to eliminate the injurious features.

The little building is unsightly, but is not in any sense a nuisance. Water from melted ice, unless stagnant and a menace to health, is not a nuisance. Automobiles, stopped and started in the street with usual noise and emission of smoke and gas fumes, cannot be declared a nuisance. To so hold would be far reaching in its application. The business streets, and many residence streets, in live cities, are lined every day with parked automobiles, and, to insure frequent movement thereof, limited time of parking is fixed by ordinance. If it is a nuisance to stop and start many automobiles upon the streets, may store keepers and pedestrians upon streets, lined by cars,

continually stopping and starting, aver physical or mental discomfort and have such use of the street declared a nuisance? Hardly! Automobiles, few or many, may be parked, stopped, and started upon business and residence streets subject, however, to reasonable regulations and the discomfort, if any, occasioned thereby must be accepted as but an incident of modern times.

Plaintiffs rightly complain of the annoyances we mention later in this opinion. In the answer, and at the hearing in the circuit court, defendant averred a willingness to conform to reasonable regulations. Measures must be adopted by defendant, under which the cakes of ice will be delivered quietly at the station and patrons enabled and required to attract the attention of the attendant without tooting automobile horns.

To such end the decree in the circuit will be modified by decree here, without costs to either party.

FEAD, C. J., and NORTH, FELLOWS, CLARK, McDONALD, POTTER, and SHARPE, JJ., concurred.