TOWNSHIP OF SADDLE RIVER, IN THE COUNTY OF BERGEN, PLAINTIFF-APPELLANT, v. PUBLIC SERVICE ELECTRIC AND GAS COMPANY, DEFENDANT-RESPONDENT.

Submitted February 17, 1933—Decided April 27, 1933.

For the appellant, *Nicholas S. Schloeder*.

For the respondent, *William H. Speer*.

The opinion of the court was delivered by

CAMPBELL, CHANCELLOR. This is an appeal, as is said, from a judgment entered upon the striking out of a complaint.

The state of case before us sets out no such judgment but simply the order of the Circuit Court judge sitting as a Supreme Court commissioner. However, we pass by this technicality and deal with the appeal upon its merits.

The complaint sets up that the township committee of Saddle River township adopted an ordinance by the terms of which it was authorized to enter into a contract with the respondent for the laying of gas mains and house service connections in certain streets of the municipality and under which it was to pay and did pay respondent $17,667, which was to be repaid by the latter to the former under certain conditions and in certain amounts as specifically provided for in such contract.

The ordinance contemplates, and, in fact, specifically provides for, an assessment of the cost of such work against the lands specially benefited.

The work was completed, the money paid to the respondent; assessments made and reported to the township committee for confirmation, when a thought seems to have come to and was entertained by the committee that the payment of the money to the respondent and the whole proceeding was null and void and the present suit was instituted, the complaint sounding, and admitted by the appellant so to be, as for money had and received.

Upon this appeal three grounds for reversal are urged and argued and they may be shortly stated as follows:

1. That the municipality had no power to enter into the contract with the respondent.

2. That the contract violates the constitution of this state.

3. That the contract is *ultra vires* and no harm can reach the respondent by a repayment of the money.

All of these grounds can be shortly answered. First, the measure of the sufficiency of a complaint for money had and received is precisely laid down in *Franklin* v. *Jones,* 86 *N. J. L.* 224, and by that yardstick the complaint in question falls short of the standard so set up. Second, before the standard so set up can be met it is necessary to find that the ordinance set forth in the complaint and which is the authority for the contract and the payment of the moneys sought to be brought back into the treasury of the township, is without legal effect and support.

A determination of that character in a proceeding of this kind would amount to a collateral attack upon the validity of the ordinance, adopted pursuant to legislative authority, which is not permissible. *Overpeck Land Corp.* v. *Ridgefield Park,* 104 *N. J. L.* 402, 404; *Bors* v. *Davis,* 6 *N. J. Mis. R* 794.

We conclude, therefore, that the judgment under review should be affirmed.

For affirmance—THE CHANCELLOR, CHIEF JUSTICE, TREN-CHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 15.

For reversal—None.