VICTOR K. LA MER AND ETHEL A. LA MER, HIS WIFE, PROSECUTORS, v. ABNER W. GILL, BUILDING INSPECTOR OF THE BOROUGH OF LEONIA, BERGEN COUNTY, NEW JERSEY, AND THE BOARD OF ADJUSTMENT OF THE BOROUGH OF LEONIA, ETC., DEFENDANTS.

Argued October 6, 1936—Decided October 23, 1936.

Before Justices TRENCHARD, BODINE and HEHER.

For the prosecutors, *Joseph M. Rotolo.*

For the defendants, *DeBaun & Westervelt (Jesse B. Leslie).*

BODINE, J. The writ brings up for review a zoning ordinance of the borough of Leonia adopted March 20th, 1934, pursuant to the constitutional amendment and the enabling act. *Pamph. L.* 1928, *ch.* 274, *p.* 696; *Cum. Supp. Comp. Stat.* 1925-1930, *pp.* 1244, 1245, §§ *136-4200 J (1), (2), (3).

It appears that the prosecutors are the owners of a lot of land in Leonia upon which is erected a two and one-half-story stucco on frame residence. The house is twenty-two and one-tenth feet wide in front and twenty-four and three-tenths feet wide in the back. It is the narrowest house on the street. Proscutors sought a variation in the terms of the zoning ordinance in order that they might extend their dwelling to the east. The extension would be erected up to and within three feet of their easterly line. A restriction in their deed

is said to prevent a building nearer than fifteen feet from the westerly side of the lot. That like restrictions affect all lots in the neighborhood is not contraverted, such restriction being in existence long before the zoning ordinance was adopted.

When a building permit was refused by the building inspector, because a violation of the zoning ordinance would result, an appeal was taken to the board of adjustment. The property owners in the vicinity consented in writing to the contemplated improvement, and no property owner is of record as opposed to an exception in prosecutor's favor.

The board of adjustment passed a resolution recommending that a permit be issued permitting the extension of the house to within five feet from the easterly side of the lot. The proper officials of the borough passed an ordinance pursuant to this recommendation, but this change will be of no benefit to the prosecutors.

The zoning ordinance provides that in the zone where the property in question is situate that there shall be two side yards with a total width of eighteen feet, the least of which shall not be less than eight feet, except that, in the case of a one-story building the total side yard width may be reduced to fourteen feet providing neither side yard is less than six feet in width.

The proofs clearly indicate that the proposed extension will not affect the light and air of any of the surrounding properties. As before noted, none of the persons owning property or living in the neighborhood are opposed to the improvements. The total of the side yards, when the proposed extensions are made, will be eighteen feet. The house on the lot to the east of prosecutor's property is almost seventy-five feet from the building if extended. A garage recently erected on this property is more than eleven feet from the line. The proofs indicate that the only practical way in which the prosecutors can enlarge their home to meet their requirements is to build as they propose. Many of the houses in the vicinity are built less than eight feet from the side line and seven are less than five feet therefrom. Several have less than a total of eighteen feet of side yard and one is less than three feet from the side line.

It clearly appears that those who built in the vicinity prior to the adoption of the ordinance are able to make a use of their lots denied to the prosecutors. The record is barren of any evidence that the ordinance, as adopted, is so designed as to promote the health, morals or general welfare of the community. The size of yards and open spaces have, of course, a direct bearing with respect to the density of population, but it appears in the instant case that those who have heretofore built their homes have not placed their houses in accordance with the spirit of the zoning ordinance as later adopted. If the prosecutors make the use which they desire of their property, there will still be a greater open space on either side of their building than between some of the other buildings in the neighborhood. The total of yard space will remain as determined by the ordinance and there will be no apparent crowding of structures. The proposed use can in no way adversely affect the health, safety, comfort, morals and general welfare of the borough. Nor is it necessary to secure safety from fire, panic or other dangers. A distance of fourteen feet between structures should be sufficient.

The attack is directly against the ordinance which was adopted pursuant to legislative authority. The writ lies for such a purpose. *Saddle River Township* v. *Public Service Electric, &c.,* 110 *N. J. L.* 433; 166 *Atl. Rep.* 148. The presumption of reasonableness was completely rebutted by the proofs adduced. The circumstance that the ordinance imposes a restriction which bears no reasonable relation to the character of the district and the particular uses to which the properties in the neighborhood have been devoted is sufficient. The application of the ordinance must be reasonable. *Koplin* v. *South Orange,* 6 *N. J. Mis. R.* 489; 142 *Atl. Rep.* 235. Since others in this neighborhood have built within three feet of their lot, it seems unreasonable to preclude the prosecutors from so doing (*Mulleady* v. *Trenton,* 9 *N. J. Mis. R.* 1102; 156 *Atl. Rep.* 843), especially in view of the circumstance that the prosecutors will not use any greater portion of their lot than permitted under the ordinance.

The ordinance, in so far as it unreasonably restricts the prosecutors in the use of their property, is set aside.