## SHAW v. CALVARY BAPTIST CHURCH et al.

No. 28504.  Feb. 14, 1939.

Rehearing Denied March 14, 1939.

Wilson & Wilson and Ernest F. Smith, for plaintiff in error.

Simons, McKnight, Simons, Mitchell & McKnight, for defendants in error.

HURST, J. This is an action to enjoin the erection of a church building. The injunction was denied and the plaintiff, R. W. Shaw, appeals. The cause arose under the following circumstances: In 1929 the city of Enid enacted a zoning ordinance. The property involved here is in Zone C, a residence district in which churches may be erected. The ordinance as to Zone C provides (sec. 4) that "for every building erected or structurally altered there shall be provided a front and rear yard each of not less than 20 feet in depth" and (sec. 3) "a side yard on each side of the building of not less than 4 feet in width nor less than 1/5 the height of the building." Prior to the passage of the ordinance, a Mrs. Ruggles owned the property now owned by the church, which is 75 feet in width by 150 feet in length, and she had prior thereto erected a residence on the south or back end of the property, facing east, the residence being 29½ feet in width and three feet, seven inches north of the south end of the lots. Likewise, prior to the enactment of the ordinance, Shaw had erected a two-story duplex on the 25-foot lot he owned adjacent to the church property to the west. The east side of the Shaw house was approximately three feet from the boundary line between the two properties. It will thus be seen that the yard space to the side of the Shaw building and the yard space to the south of the Ruggles residence did not conform to the ordinance, but there is a provision in the ordinance (sec. 10) permitting the continued use of structures already erected that did not conform to the requirements of the ordinance. In 1935 the church purchased the north 100 feet of the Ruggles property and in 1937 was preparing to erect a church structure on it, when this action was filed. Later, the church purchased the remainder, the south 50 feet, of the Ruggles property and secured a new permit to erect the church structure. Pursuant to the new permit, the church proposes to erect the basement only, with a roof extending a few feet above the surface of the ground, the west side of the church to be six feet from the boundary line and with a front yard of 20 feet, and a yard of 21 feet between the rear of the church and the north side of the Ruggles residence structure. Later the church expects to complete the building to a height of not more than 30 feet, but the present permit does not authorize that, and we need not further consider that question.

Shaw does not contend that he should prevail on the ground that the erection and use of the church building would be a nuisance per se. Nor does he contend that the front and side yard area violate the ordinance. His contention is that the ordinance applies to the yard space around the dwelling so that there must be at least four feet of yard space on the north side of the Ruggles dwelling and an additional 20 feet of yard space south of the church, or a total of 24 feet between the two buildings. In other words, he in effect contends that the church property must be treated as two building sites, and that the ordinance, by virtue of section 2 thereof, is retrospective and applies to buildings already in existence at the time the same was enacted. If this view is adopted, the proposed building is violative of the ordinance.

On the other hand, the church argues that the ordinance is not retrospective and that the yard space requirements do not apply to buildings in existence at the time the ordinance was enacted. It argues from this that no yard space need be allocated to the residence, and that the south line of the building site for the church structure could be the north side of the residence, in which event there need be only 20 feet from the south side of the church building to the north side of the Ruggles residence in order to comply with the ordinance. In fact, however, under the proposed plan there will be 21 feet between the two structures. If this theory is adopted, the proposed building will have sufficient yard space on the south or back, and the requirements of the ordinance will be met.

The trial court was of the opinion that the ordinance operated prospectively, not retrospectively, and that the ordinance did not have the effect of impressing the yardage provisions upon the Ruggles dwelling, which was then on the property. We are inclined to this view. Section 2 of the ordinance provides that "no building shall be erected or structurally altered," etc. The language is prospective. The ordinance relates to the future use of real estate. It does not specifically make any requirement as to yard space for existing structures. Unless an ordinance makes it clear that it shall operate retrospectively, it will be held

to apply only prospectively. 43 C. J. 574. This rule is particularly applicable to zoning ordinances which restrict the use of property. 43 C. J. 330 and 344; La Mer v. Gill (N. J. 1936) 187 Atl. 730; Rosenberg v. Village of Whitefish Bay (Wis. 1929) 225 N. W. 838; Brown v. Grant (Tex. Civ. App. 1928) 2 S. W.2d 285; London v. Robinson (Cal. App. 1928) 271 P. 921. The case of Nelson v. State (Wis. 1918) 167 N. W. 807, cited by plaintiff, is not contrary to this rule.

That part of section 2 relied on by plaintiff, when considered in connection with the other portions of the provision, does not support plaintiff's view that the yardage requirements apply to existing structures.

Affirmed.

BAYLESS, C. J., and CORN, GIBSON, and DAVISON, JJ., concur.