JOSEPH PIERETTI, Jr., PROSECUTOR, v. J. CORY JOHNSON, TOWN CLERK, ETC., ET AL., DEFENDANTS.

Submitted October 3, 1944—Decided April 9, 1945.

Before BROGAN, CHIEF JUSTICE, and Justices DONGES and PERSKIE.

For the prosecutor, *Brunello & Welsh.*

For the defendants, *Edward C. Peltit, William Huck, Jr.,* and *John A. Errico.*

The opinion of the court was delivered by

DONGES, J. The writ of *certiorari* in this cause brings up for review a determination of the Board of Adjustment of the Town of Bloomfield, which affirms the rejection by the inspector of buildings "on an application for a permit to renovate a building and to make an addition thereto upon certain premises" of prosecutor.

It appears that prosecutor entered into possession of the land in question in 1927, and has conducted a soda bottling

plant upon the premises from that time. In 1930, the governing body of the municipality passed an ordinance establishing a "Small Volume Residential Zone," in the northerly end of the town, which included prosecutor's land. On October 7th, 1935, the ordinance was amended to designate a part of the above mentioned area as "Small Volume Residential Zone A." This zone included prosecutor's land. By stipulation it is agreed that prosecutor's business, conducted on the premises within this zone, is not within the permissive uses, designated in either the original ordinance or the amendment thereto.

On January 25th, 1944, application was made to the inspector of buildings for a permit, in the following language: "I propose to enclose the rear portion of the present building by making an addition of cinder block approx. size 40' x 50' one story in height. Also renovate deteriorated portions of building."

After refusal by the inspector of buildings, appeal was taken to the Board of Adjustment, which held a hearing at which evidence was submitted on behalf of prosecutor and objecting residents in the area. The Board adopted a resolution refusing to grant a variation from the zoning ordinance and denying the permit.

It is settled that the owner of premises which, at the time of the adoption of a zoning ordinance, were used for nonconforming uses, may continue such use. He may, also, restore or repair buildings in which such use existed. (*R. S.* 40:55–48.) He may not, however, enlarge such use without express permission from appropriate authority. *DeVito* v. *Pearsall*, 115 *N. J. L.* 323; *Green* v. *Board of Commissioners*, 131 *Id.* 336; *Meixner* v. *Board of Adjustment, &c.*, 131 *Id.* 599.

In the instant case it does not appear that the action of the Board of Adjustment was capricious or arbitrary. On the contrary, it appears that an extension of the business of prosecutor would be a serious disadvantage to the residents of the immediate vicinity, which is a strictly residential area. Excepting prosecutor's plant, the only other business properties in the immediate vicinity of prosecutor's property are a filling

station, located three blocks away, and a store distant three-quarters of a mile. It is conceded that the area is strictly residential.

The presumption of fairness and correctness favors the Board's finding. *Cook* v. *Board of Adjustment,* 118 *N. J. L.* 372; *Green* v. *Board of Commissioners, &c., supra.* We conclude that its finding is amply supported by evidence, and is conclusive. *Concord Development Co.* v. *Dowling,* 6 *N. J. Mis. R.* 552.

Prosecutor argues that the ordinance in question was held invalid and set aside in *Brookdale Homes, Inc.,* v. *Johnson,* 123 *N. J. L.* 602; *affirmed,* 126 *Id.* 516, but this is not so. That case involved a provision of the ordinance requiring the roof ridge of buildings to be constructed at a certain designated height. There was no attack upon the ordinance, and no judgment, except as stated.

Prosecutor in his brief concludes, "It is respectfully submitted that the action of the Board of Adjustment should be wholly reversed and, if not wholly reversed, should, at least, be reversed to the extent that it denies prosecutor his right to proceed with renovations."

It is clear, as above stated, that a property owner may continue any non-conforming use or structure, and as provided in *R. S.* 40:55–48, "any such structure may be restored or repaired in the event of partial destruction thereof." There was no testimony as to partial destruction of any part of the property in question. The testimony of prosecutor dealt almost entirely with the proposed addition. There was no specification in the application of any particular work that would come under the head of restoration or repair, as distinguished from extension. But, apart from the question of renovation, the prosecutor has failed to set up in his reasons for reversal the refusal to allow a permit for repair or restoration or renovation. He bases his complaint solely on the refusal to grant the application of prosecutor, which was for the addition, which evidently included the property now sought to be renovated.

The writ will be dismissed, with costs.