## ALLEN et al. v. CITY OF CORPUS CHRISTI.

### No. 12378.

Court of Civil Appeals of Texas.
San Antonio.

Feb. 13, 1952.

Rehearing Denied March 12, 1952.

## SCOTT v. STATE.

### No. 25761.

Court of Criminal Appeals of Texas.

March 19, 1952.

Pichinson, Hale & Utter, Corpus Christi, for appellants.

I. M. Singer, Wm. R. Anderson, Jr., Corpus Christi, for appellee.

W. O. MURRAY, Chief Justice.

This is an appeal by Harry Pope and Charlie Thomas, d/b/a Million Auto Parts, A. A. Allen, d/b/a Square Deal Auto Parts, J. W. Allen, d/b/a City Auto Parts, and Aaron Elliott, d/b/a Agnes Street Auto Parts, from a judgment of the 117th District Court of Nueces County, Texas, in favor of the City of Corpus Christi granting a permanent injunction restraining appellants from continuing their business of conducting automobile salvage and wrecking yards at the present places of business. Under the terms of the injunction they would be permitted to use the buildings on their yards, but not the land not covered by the buildings. Authority for the injunction was a comprehensive Zoning Ordinance passed by the City of Corpus Christi on May 4, 1948. Under the terms of this ordinance the district in which appellants had their yards was classified as a Light Industrial District, and appellants were ordered in effect to move or eradicate their businesses by not later than January 1, 1950. Automobile salvage and wrecking yards were permitted in Heavy Industrial Districts.

The facts are all stipulated. All four appellants are in exactly the same situation. They all have their business on Agnes Street in Corpus Christi. They were doing business at their present locations when the first comprehensive zoning ordinance of the City of Corpus Christi was adopted in 1937 and have continued to do business at the same locations ever since. They have operated in the same buildings, on the same yards and to the same extent ever since this first ordinance was passed. By this zoning ordinance they were placed in a district in which they did not conform and each has been a non-complying business ever since that time. There have been a number of zoning ordinances adopted by Corpus Christi. The second one was in 1939, and gave automobile salvage and wrecking yards until August 1, 1943, to go out of business or move to a different zone. Another zoning ordinance was passed on May 4, 1948, which is the ordinance relied on herein by appellee, City of Corpus Christi, to sustain the injunction granted.

Thus the question arises, can the city pass a valid ordinance requiring a non-conforming business located in a light industrial district to move to a heavy industrial district or go out of business, where it was in existence before the city adopted any zoning ordinance? The answer is obvious. To order a prior existing non-conforming business to move or go out of business is unreasonable and would be taking a person's property without due process of law and without compensation, in violation of the State Constitution, § 17 of Art. 1, Vernon's Ann.St.

Zoning ordinances operate prospectively, not retrospectively. It is one thing to prevent a new business from being established in a certain zone and quite a different thing to order an established business to cease operations or move to a different district. Zoning ordinances should not be given retroactive or retrospective effect.

This exact question has not been passed upon in this State, but the weight of authorities from other jurisdictions clearly sustain the above statement.

It will be borne in mind that here we do not have a business being operated in a residential district, or a business which is dangerous or offensive to the public by reason of its existence in a particular location, nor do we have a business which

acquired its right to do business under a prior zoning ordinance. There is no intimation in the agreed stipulation that appellants' businesses have become a nuisance in the district in which they operate.

The 1948 ordinance relied upon by appellee to support the judgment here rendered reads in part as follows:

"Section 8. The following uses now in existence and not in strict conformity with the provisions of the district in which it is located are hereby prohibited and such uses now in existence in the City of Corpus Christi shall be altered, replaced or removed to conform to the provisions of this ordinance on or before the dates shown in the following schedule: * * *

"2. Automobile Wrecking Yards (Jan. 1, 1950)."

Applicable to the situation which we have here is the following statement from McQuillian on Municipal Corporations, 3d Edition, Vol. 8, § 25.181, pp. 363–364, to-wit: "Generally speaking a nonconforming use existing at the time a zoning ordinance goes into effect cannot be prohibited or restricted by statute or ordinance, where it is a lawful business or use of property and is not a public nuisance or harmful in any way to the public health, safety, morals or welfare. In other words, a zoning ordinance is invalid and unreasonable where it attempts to exclude and prohibit existing and established uses or businesses that are not nuisances. If when a zoning ordinance was adopted, premises were used for a nonconforming use, one is within his rights in continuing that use. Accordingly, zoning regulations cannot be made retroactive and neither can prior nonconforming uses be removed nor existing conditions be affected thereby. A zoning ordinance may not operate retroactively to deprive a property owner of his previously vested rights; that is to say, a zoning ordinance cannot deprive the owner of the use to which the property was put before the enactment of the ordinance."

Also, in Section 25.186, pp. 371–373, we find the following:

"Ordinarily it is essential to the right to a nonconforming use within a zoned district that the use commenced before zoning or the restriction in question was imposed in the district, and that it existed when zoning or the restriction became effective. The test is that the use must be the same before and after the zoning restriction becomes effective. The nonconforming use must be the continuance of the same use and not some other kind of use. * * *

"In accordance with the foregoing discussion, a nonconforming use will not be recognized in the absence of sufficient evidence to prove it was in existence at the time the ordinance was enacted and that it has continued in existence. * * * But where there is ample evidence to support a conclusion that a present use is a continuation of a use existing at the time of the enactment of a zoning ordinance, the present use cannot be interfered with by zoning authorities."

To the same effect is Smith on Zoning Law and Practice, Chapter VI, p. 108, and § 87, p. 111.

The following Texas cases, while not directly in point, are very persuasive upon the point under discussion: Brown v. Grant, Tex.Civ.App., 2 S.W.2d 285; Meserole v. Board of Adjustment, City of Dallas, Tex.Civ.App., 172 S.W.2d 528.

Turning to the other jurisdictions we have the California case of Jones v. City of Los Angeles, 211 Cal. 304, 295 P. 14; the Wisconsin case of Atkinson v. Piper, 181 Wis. 519, 195 N.W. 544; the Oklahoma case of Shaw v. Calvary Baptist Church, 184 Okl. 454, 88 P.2d 327; the Michigan case of Adams v. Kalamazoo Ice & Fuel Company, 245 Mich. 261, 222 N.W. 86; the Nebraska case of Cassel Realty Co. v. City of Omaha, 144 Neb. 753, 14 N.W.2d 600; and the New Jersey case of Pierritti v. Johnson, 132 N.J.L. 576, 41 A.2d 896. All of these cases support the proposition that zoning ordinances operate prospectively not retrospectively, and that existing nonconforming businesses in a zoning area must be permitted to continue to do business as they had existed prior to any zoning ordinance. Any attempt to eradicate such business is regarded as a misuse of the police power of a state and is unreasonable

and unconstitutional as a taking of private property without compensation and without due process of law.

Appellee relies upon such cases as Village of Euclid v. Amber Realty Co., 272 U.S. 365, 47 S.Ct. 114, 71 L.Ed. 303, and Hadacheck v. Sebastian, 239 U.S. 394, 36 S.Ct. 143, 60 L.Ed. 348. The first case does not relate to the eradication of a prior existing business, and the second case relates to a brickyard in a residential area which had become a nuisance. It will be borne in mind that here appellee is trying to require appellants to remove their businesses from a light industrial district to a heavy industrial district or be eradicated, even though appellants were conducting the same businesses on the same premises, in the same buildings, on the same lots, and in the same manner at the time the first zoning ordinance was adopted, and, further, there is no intimation that appellants' businesses have become nuisances in the light industrial district in which they are located.

Appellee contends that inasmuch as appellants are permitted to use their buildings they are in no position to complain that they cannot use the land surrounding such buildings. It is apparent that appellants cannot operate their businesses without using the surrounding land any more than could a drive-in-theatre conduct its business without using the parking space provided for its patrons or a super-market without parking space for its customers. To deny appellants the use of the land surrounding their buildings is in effect a denial to operate their businesses.

Section 8 of the Comprehensive Zoning Ordinance passed by appellee in 1948 may be valid when applied to an automobile wrecking yard which has come into existence since a comprehensive zoning ordinance of 1937 was adopted, but it cannot be used as authority to eradicate a nonconforming business which was in existence prior to the effective date of any zoning ordinance, and which has been continuously carried on at its present place of business without change or expansion and which has not become a public nuisance.

The judgment of the trial court is reversed and the injunction dissolved.

On Motion for Rehearing

It was the intention of this court in its original opinion herein to order a reversal only of that part of the judgment of the trial court which perpetually enjoined the defendants from using the premises occupied by them as automobile wrecking yards, and it was not intended to reverse that part of the judgment which enjoined the appellants from trespassing and encroaching upon the sidewalks, public easements and public street areas adjacent to their respective places of business.

In order to make this intention clear the judgment heretofore entered herein on February 13, 1952 will be set aside and the judgment of the trial court will be reformed so as to reverse and set aside that part of the judgment of the trial court which perpetually enjoins the appellants from using their respective places of business for an automobile wrecking yard and the judgment as thus reformed will be in all things affirmed.

The motion for a rehearing of appellee has been considered and is overruled.