Zoning Laws — Prospective Title 19 O.S. 866.2 [19-866.2] (1968), which granted counties the power to establish zoning regulations, a building code and construction codes and a housing code and any additional elements of comprehensive planning, was intended to operate prospectively only. The Attorney General has had under consideration your letter dated July 2, 1968, requesting an official opinion. You relate that in 1958 a mining and quarrying operation was commenced in the Southern portion of Rogers County, Oklahoma, and has continued to operate to this date. Further, you direct our attention to the fact that in 1965, the Oklahoma Legislature amended 19 O.S. 866.2 [19-866.2] (1968) by providing: "In every county of this state having an upstream terminal port and turnaround where navigation ends, or in any county containing all or any part of a reservoir or reservoirs constructed by the United States Army Corps of Engineers or by the Grand River Dam Authority, such county is hereby granted authority, at the discretion of the board of county commissioners, to establish zoning regulations, a building code and construction codes, and housing code in accordance with the provisions of this act for all or any part of the unincorporated area within the county . . . ." Based on your letter and two conversations had with you, you indicated you are interested solely in knowing if 19 O.S. 866.2 [19-866.2] (1967) was intend ed by the Legislature to operate prospectively only. In the case of Board of Trustees of the Police Pension and Retirement System of the City of Tulsa v. Kern, Okl., 366 P.2d 415, the court said in the first paragraph of the syllabus: "Statutes are presumed to operate prospectively only, and their works ought not to be given a retrospective operation unless they are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the Legislature cannot otherwise be satisfied. Doubt as to such matter should be resolved against retrospective effect." Dealing more specifically with zoning ordinances, in the case of Shaw v. Calvary Baptist Church et al., 184 Okl. Reports 454,88 P.2d 327, the court said in the first paragraph of the syllabus: "Zoning ordinances will be construed to apply prospectively only, and not to buildings in existence at the time of their enactment, unless a contrary intent clearly appears." 19 O.S. 866.2 [19-866.2] (1967) was enacted by the Oklahoma Legislature in 1965, and became effective on July 5, 1965. At no place in the statute is any reference made or any intent expressed by the Legislature that the statute was intended to be retrospective in effect. It is therefore the opinion of the Attorney General that your question must be answered as follows: 19 O.S. 866.2 [19-866.2] (1967), which granted counties the power to establish zoning regulations, a building code and construction codes and a housing code and any additional elements of comprehensive planning, was intended to operate prospectively only. (W. J. Monroe) (Prospective Law)