No. 20,268.

C. W. McLAUGHLIN, *Appellee*, v. CHARLES W. GREEN, as Mayor of Kansas City, Kan., and G. B. LITTLE et al., as the Board of Commissioners of the City of Kansas City, Kan., *Appellants.*

SYLLABUS BY THE COURT.

1. HEALTH COMMISSIONER—*City Officer—Civil Service Examination— Tenure of Office Four Years.* Chapter 112 of the Laws of 1915 fixes the tenure of office of all officers and employees therein mentioned, and subject to examination and certification, at four years, and takes away from those appointing such officers and employees the power to remove them at pleasure.

2. SAME — *Mistake of Civil Service Commission — Appointment Valid.* The appointment of a health commissioner under chapter 88 of the Laws of 1913, upon a certificate from the civil service commission that the appointee and another are the two highest on the eligible list, is valid, although because of a mistake of the civil service commission the appointee was erroneously so certified.

41—96 KAN.

Appeal from Wyandotte district court; division No. 1; ED-WARD L. FISCHER, judge. Opinion filed November 6, 1915. Affirmed.

*Richard J. Higgins,* and *W. H. McCamish,* both of Kansas City, for the appellants.

*E. S. McAnany, M. L. Alden,* and *Thomas M. Van Cleave,* all of Kansas City, for the appellee; *G. H. Lamb,* of Yates Center, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: This is an appeal from a judgment granting a peremptory writ of mandamus. On April 2, 1914, a vacancy existed in the office of the health commissioner of Kansas City, and an examination was held under chapter 88 of·the Laws of 1913, by the civil service commission of that city,·to determine the qualifications and fitness of applicants for the position.· The papers were sent to Dr. S. J. Crumbine, secretary of the state board of health, for marking and rating. He reported back that Dr. C. C. Nesselrode stood first, and Dr. C. W. McLaughlin second. April 28, 1914, before a certificate showing the result of the examination was made to the city board of commissioners, the plaintiff was appointed to the office. May 2, 1914, a proper certificate was sent to the commissioners, and the same day the appointment was regularly made. The plaintiff then entered upon the duties of the office, and performed those duties until May 6, 1915. On July 9, 1914, the civil service commission sent a communication to the board of commissioners stating that a mistake had been made in totaling the grades on the examination of the applicants for the position; and on July 20, 1914, sent a corrected certificate, showing that Doctor Tenney and Doctor Nesselrode were the two highest on the list and should have been certified to the commissioners, to the exclusion of Doctor McLaughlin. After laying the matter over from time to time, the commissioners, on August 28, refused to allow the plaintiff any further·salary. May 6, 1915, after the decision in the case of *Haney v. Cofran,* 94 Kan. 332, 146 Pac. 1027, the board of commissioners terminated the controversy by an order ousting the plaintiff. On May 26 an alternative writ

of mandamus was issued out of the district court of Wyandotte county to compel the board of commissioners to revoke the order removing the plaintiff from the office, and to recognize him as health commissioner of the city.

The defendants present two propositions: First, that the position of health commissioner is an office and the incumbent thereof an officer within the meaning of section 2 of article 15 of the state constitution; that having been appointed under section 13 of chapter 88 of the Laws of 1913, and no tenure being fixed, he held at the will of the appointing power. Second, that never having been entitled to certification, the plaintiff was ineligible at the time of his appointment, the order of appointment was a nullity, and the board of commissioners could declare the office vacant.

1. We will assume that the position held by the plaintiff was an office, that he was an officer within the meaning of the constitution, and that because his tenure of office was not fixed by law. he held during the pleasure of the appointing power. (*Haney v. Cofran*, 94 Kan. 332, 146 Pac. 1027.) This does not dispose of the case. We are compelled to consider the effect of chapter 112 of the Laws of 1915, by which section 13 of chapter 88 of the Laws of 1913 was amended by adding the following:

"The term of office for all officers subject to the examination herein required shall be for four years, and until his successor is appointed and qualified; provided further, that every officer or employee subject to the provisions of this act, and' who has been in the service of said city, as an officer or employee, for a period of one year immediately prior to the taking effect of this act, and who has heretofore passed the civil service examination, shall be exempt from further examination and his tenure of office shall begin from the taking effect of this act."

When chapter 112 of the Laws of 1915 took effect, April 10, 1915, the plaintiff had not served one year. For that reason the last provision of the act does not apply to him. This leaves for consideration the provision that the term of office for all officers subject to examination shall be four years. The legislature, within constitutional limitations, had the power to fix the term of office for the plaintiff, or to abolish the office. Under the act of 1913, no tenure having been fixed, he held the office at the pleasure of the appointing power. Under the act of 1915 this was changed, and he then held the

office for a term of four years. This statute takes away from the appointing power the authority to terminate the appointment at will, and fixes the tenure of office at four years. After the act of 1915 took effect the plaintiff could be removed only upon charges preferred in writing for misconduct or failure to perform his duty. He was not removed in that manner. The defendants refused to allow the plaintiff the salary for the services rendered by him after August 28, 1914. This had no effect on his right to that salary, and did not determine whether or not he had been legally appointed, and was not a removal of the plaintiff from the office then held by him.

2. Section 13 of chapter 88 of the Laws of 1913 places all officers and employees of cities under civil service rules and regulations, except certain ones therein named. The position of health commissioner, created by a city ordinance, is not one of those excepted in the statute, and is therefore subject to the civil service law.

Section 5 of chapter 88 of the Laws of 1913 reads as follows:

"The civil service commission shall, whenever it is necessary so to do, under such rules and regulations as it may prescribe hold examinations for the purpose of determining the qualifications and fitness of applicants for all positions with the city subject to examination as hereinafter defined, which examination shall be practical and shall fairly test the fitness of the persons examined to discharge the position to which they seek to be appointed."

Section 7 reads:

"The civil service commission shall certify to the board of commissioners the names and addresses of double the number of applicants for each vacancy, standing highest upon the eligible list of the class or grade to which said position belongs, and the board of commissioners shall make appointments from such list so certified and not otherwise; provided, however, that whenever the eligible list of the civil service commission contains less than double the number of applicants to fill the vacancy or vacancies existing, the board of commissioners shall appoint the person or persons then available on said eligible list."

An examination was held under the law. A certificate was given to the board of commissioners, and those commissioners appointed the plaintiff under that certificate. There was nothing to indicate that the appointment was invalid for any reason. There was nothing left to be done to make a legal appointment. A mistake was made by the civil service commis-

sion, by which the plaintiff's name was improperly placed on the certificate. The board of commissioners was bound by that certificate. A court, unless it be in proceedings in quo warranto, can not inquire into the validity of that appointment, nor correct the mistakes made by the civil service commission while acting in good faith. In *People ex rel. Mullen v. Sheffield*, 24 App. Div. 214, 48 N. Y. Supp. 796, the court used this language:

"When such a report is made by the proper board to the appointing officer, and such appointing officer acts upon such report, the appointment then becomes a valid appointment, and the person appointed becomes vested with the office to which he has been appointed. It is quite apparent that it would destroy the whole system of competitive examinations if the appointing officer would have a right to go beyond the report of the board and to refuse to accept it, on the ground that the eligible list as presented by those upon whom the responsibility rests of determining who should be upon such eligible list, had not complied with the provisions of the statute in making up such list." (p. 217.)

In *The People v. Lindblom*, 182 Ill. 241, 55 N. E. 358, the supreme court of that state said:

"A certification of a person by the civil service commission cannot be set aside and another person placed in his stead by the common law writ of certiorari." (Syl. ¶ 1.)

(See, also, *Matter of Allaire v. Knox*, 62 App. Div. 29, affirmed in 168 N. Y. 642; *People ex rel. Blaisted v. McCooey*, 100 App. Div. 240, 91 N. Y. Supp. 36.) In *People ex rel. Schau v. McWilliams*, 185 N. Y. 92, 77 N. E. 785, the court said:

"If the action of the (civil service) commission is not palpably illegal the court should not intervene." (p. 101.)

(See, also, *Darling v. Maguire*, 70 Misc. Rep. 597, 129 N. Y. Supp. 385, 386.)

We must conclude that the appointment of the plaintiff was in compliance with the statutes, and that it is therefore legal, notwithstanding the mistake made by the civil service commission in giving the plaintiff his markings on the examination. It necessarily follows that the plaintiff is legally health commissioner of Kansas City, and the judgment of the district court is therefore affirmed.