No. 25,598.

C. E. Bassler, *Appellant*, v. W. W. Gordon, Mayor, L. H. Chapman, H. F. Schaible, H. J. Kaelin and A. H. Strickland, Commissioners of Kansas City, *Appellees.*

### SYLLABUS BY THE COURT.

1. Municipal Corporations—*Dairy Inspector—Expert Employee.* A dairy inspector of Kansas City working under the direction of the commissioner of health and sanitation is an expert employee and not an officer of the city.

2. Same—*Dairy Inspector—Appointment and Removal—Civil Service.* An appointment to that position is governed by the civil service act and the board of commissioners of that city may not remove him from his position, with or without cause, in any other way than the civil service act provides.

3. Same—*Expert Employees—Appointment of Nonresidents.* Expert employees who are not residents of the city may be appointed where it is deemed necessary by the board of commissioners.

Appeal from Wyandotte district court, division No. 3; William H. McCamish, judge. Opinion filed July 11, 1925. Reversed.

*Elmer E. Martin,* of Kansas City, for the appellant.

*William Drennan, W. M. Benton* and *J. A. Lynch,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

Johnston, C. J.: This appeal is brought to obtain a review of a judgment quashing an alternative writ of mandamus issued at the instance of C. E. Bassler against the mayor and commissioners of Kansas City.

In the writ it was recited that in 1920 Bassler applied for employment by the city as dairy inspector, was examined by the civil service commission, which gave him the highest grade except one, and that within one year thereafter he was legally appointed as dairy inspector by the board of city commissioners, and since that time has discharged his duties as such employee. It is further stated that on October 31, 1923, at a meeting of the board of city commissioners, a resolution was adopted by which it was attempted to discharge Bassler from the position of dairy inspector, that the pretended discharge was illegal and void, and since that time the

---

1. Municipal Corporations, 28 Cyc. p. 537.   2. Id., 28 Cyc. p. 444.   3. Id., 28 Cyc. p. 417.

board had refused to recognize him as dairy inspector or accord to him the privileges and emoluments of the position. On the averments of the writ and the admission of the plaintiff that he resided outside of the city limits, the trial court held that plaintiff was not entitled to the relief sought and the motion to quash was sustained.

In support of the ruling the defendants contend that under the statute which provides that "No person shall be eligible to any appointive office unless he or she shall be a *bona fide* resident of the city prior to his or her appointment" (R. S. 13-2102), and the further provision that "If any officer shall remove from the territorial limits of such city, such removal shall *ipso facto* vacate his office" (R. S. 13-2104), the board of commissioners had the authority which they exercised in discharging the plaintiff. A statute enacted in 1907 provides that city officers and employees other than city attorney, city clerk, city treasurer and city auditor, might be removed by the board of commissioners, with or without cause, at their discretion. (R. S. 13-2103.) A later statute, however, enacted in 1913, limited the authority of the board of commissioners in this respect by creating a civil service commission, which is empowered to make examinations of applicants for positions in the city to determine their qualifications and fitness for such positions and to certify to the board of commissioners double the number of applicants who are highest in the list of eligibles for each position to be filled, and the board of commissioners is required to appoint from the list so certified and not otherwise. (R. S. 13-2209.) An exception is made that if it happens that there are no names on the eligible list, the board of commissioners may, to prevent a stoppage of public business, make temporary appointments, but such appointments cannot remain in force more than sixty days. (R. S. 13-2212.) This legislation took certain city officers and employees out of the civil-service act, but the position of dairy inspector is not one of those excepted. All others are subject to examination and certification and are governed by the provisions of the civil service act. (R. S. 13-2215.) In this act is a provision to the effect that civil service appointees can only be removed from office or employment upon charges preferred in writing for misconduct or other failure to perform their duties. Such charges are to be heard by the civil service commission after a copy of the same has been served upon the appointees and he has had an opportunity to defend. Pending the hearing of the charges the head of the department may suspend the

officer or employee against whom the charges are made. (R. S. 13-2213.) Here no charges against the plaintiff were made to or heard by the civil service commission, but the board of commissioners undertook to remove him from his position as if no civil service law had been enacted.

Defendants contend that, being a nonresident, the plaintiff is not eligible to hold the position, and further that there was no authority to appoint him in the first instance. He was appointed and commissioned, however, by a former board of commissioners after he had been placed on the eligible list by the civil service commission, and has since that time served more than two years under the direction of the commissioner of health and sanitation before the attempted removal.

While the statute provides that no person shall be eligible to an appointive office unless he is a *bona fide* resident of the city, it makes an exception as to expert employees and authorizes the board of commissioners to employ nonresident employees when it is deemed necessary. (R. S. 13-2102.) It is contended that a dairy inspector is an officer rather than an expert employee, but it has already been determined that an inspector performing like duties in the health department, among which were the collection of samples of milk and the inspection of the same, and to condemn and confiscate that which was unwholesome, was not an office. (*Jagger v. Green,* 90 Kan. 153, 133 Pac. 174.) In that case it was further held that such appointee was not excepted out of the operation of the civil service act and that the board of commissioners could not remove him at will. As already stated, the plaintiff was working under the health commissioner, and defendants say that a part of his duties was to inspect dairies and pass upon their sanitation, and to confiscate milk when found in an insanitary condition. The fact that much of his work was therefore outside of the city may have led the commissioners who made the appointment to select one nearer the dairies, but beyond the limits of the city. Under the authorities his position was that of an expert employee to which a nonresident expert could be appointed. The position is not one of those enumerated in R. S. 13-2215, which are excepted from the operation of the civil service act; and being within the operation of that act, he can be removed only in the manner and on the grounds therein stated "and not otherwise." If grounds for removal exist, charges may be preferred

and heard by the civil service commission, and if found to be disqualified to hold the place another who is on the eligible list may be appointed as his successor. An arbitrary order of removal by the board of commissioners, with or without cause, when no charge has been preferred, heard and sustained by the civil service commission, is without validity or effect. (*McLaughlin v. Green*, 96 Kan. 641, 152 Pac. 661.)

It is suggested that city ordinances have been passed by the board of commissioners regulating civil service within the city which affects the right of the plaintiff to his position, but as these were not set out in the alternative writ, they are not open to consideration. On the motion to quash we are confined to the facts stated in the pleading, and it follows that the judgment must be reversed and the cause remanded for further proceedings.