No. 27,110.

C. E. BASSLER, *Appellant,* v. W. W. GORDON, as Mayor, etc., THE CITY OF KANSAS CITY et al., *Appellees.*

### SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Wrongful Removal of Dairy Inspector—Part of Salary Paid to De Facto—Liability of City.* A civil service employee in the department of health and sanitation of Kansas City was wrongfully excluded from his employment as dairy inspector and was subsequently reinstated. In a proceeding to recover salary for the period during which he was excluded, the district court held the city did not owe him the amount of salary which it paid to dairy inspectors appointed in his place according to civil service regulations, deducted from the unexpended balance of the salary the amount of plaintiff's net earnings during the period of exclusion, and rendered judgment accordingly. *Held,* the judgment should be affirmed.

Appeal from Wyandotte district court, division No. 3; WILLIAM H. McCAMISH, judge. Opinion filed February 12, 1927. Affirmed.

*E. E. Martin,* of Kansas City, for the appellant.

*William Drennan, Willard M. Benton* and *Joseph A. Lynch,* all of Kansas City, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The proceeding was one by a civil service employee in the health department of the city of Kansas City, to recover from the city salary for a period during which he was excluded from employment by wrongful removal. The court held he could not recover that part of the salary which had been paid to employees appointed in his place according to civil service rules, and the court offset against the unexpended portion of the salary net earnings of plaintiff during the period of exclusion. The result was, judgment was rendered for defendants. Plaintiff appeals.

The proceeding was a sequel to the decision of this court in the case of *Bassler v. Gordon,* 119 Kan. 40, 237 Pac. 907, which had the effect of procuring plaintiff's reinstatement. The nature of plaintiff's position, whether officer or employee, the reason assigned by the mayor and commissioners for his removal, the legal insufficiency of that reason, and the consequent invalidity of plaintiff's exclusion from employment, were discussed in the opinion. For

Municipal Corporations, 28 Cyc. p. 461 n. 54.

the present purposes it may be conceded, without so deciding, that the mayor and commissioners acted arbitrarily. The removal was a nullity in law, and the question here is reparation.

In passing the resolution discontinuing employment of plaintiff and in enforcing compliance with the resolution, the mayor and commissioners acted in a governmental capacity. No private proprietary interest of the city was involved. The position was created to promote the public welfare, and the incumbent was required to work under, report to, and be under the direction of the commissioner of health and sanitation. Although the mayor and commissioners abused their power in making the removal, the principle of *respondeat superior* does not apply, and the city is not liable in damages for their misfeasance. (*Edson v. Olathe,* 82 Kan. 4, 107 Pac. 539.) Recovery is necessarily predicated on breach of the implied contract of the city to pay the employee the compensation assigned by ordinance to the position. (*State, ex rel., v. Hannon, Mayor,* 38 Kan. 593, 17 Pac. 185.)

During a portion of the period plaintiff was wrongfully excluded from employment, dairy inspectors were regularly appointed according to civil service requirements, discharged the duties of the position, and received the salary. Such appointments gave color of title to the position, and the appointees sustained a relation to proprietors of dairies, the commissioner of health and sanitation, the fiscal officers of the city, and the general public, which made them *de facto* dairy inspectors. If those persons had been public officers, payment of salary to them would have satisfied the city's obligation, and plaintiff could not recover from the city the salary so paid. (*Comm'rs of Saline Co. v. Anderson,* 20 Kan. 298.) In grade, plaintiff's employment lay between an office and a minor position governed by the principle, no work no pay. Civil service law gave plaintiff a certain security of tenure which took him out of the inferior class, but did not place him among those classified as officers. The public, however, had the same interest in performance of the duties of dairy inspector as if the incumbent of the position were an officer. The general welfare was involved. The conditions made it necessary to recognize a *de facto* incumbent until the *de jure* incumbent should secure his restoration to employment, and the public policy which was the foundation of the decision in the Saline county case controls. The result is, the city did not owe plaintiff

for the portion of the salary attached to the position which was paid to other appointees.

In Mechem's Public Offices and Officers appears the following:

"As has been seen, the relation between an officer and the public is not the creature of contract, nor is the office itself a contract. So his right to compensation is not the creature of contract. It exists, if it exists at all, as the creation of law, and, when it so exists, it belongs to him 'not by force of any contract, but because the law attaches it to the office.'

"The most that can be said is that there is a contract to pay him such compensation as may from time to time be by law attached to the office." (§ 855.)

In accord with the view expressed in the last paragraph of the quotation it was held in the Hannon case, *supra*, that the claims of officers and servants of a city for unpaid compensation are not unlike the claims of ordinary creditors. Their unpaid salaries constitute debts of the city to be recovered in an ordinary civil action.

Just as an officer is privileged to exercise all the functions attached by law to his office, so he is privileged to receive all the salary attached to the office, and an officer who recovers on an unperformed contract to pay compensation is entitled to recover the whole compensation. Plaintiff did not hold an office, and he is not suing for official salary. The position which he held was a subordinate one, and he may not claim the privileges of an officeholder. The civil service regulations did not affect nature of employment. They merely gave stability of tenure by prescribing the conditions necessary to termination of what would otherwise be employment for an indefinite period. Plaintiff did not possess the independence of an officer. His duties were not definitely fixed by law, and he was required to work under the direction of another. These are badges of employment, and the relation of plaintiff to the city most nearly resembles that of an employee under a contract fixing compensation and prescribing mode of termination.

Interruption of payment of compensation to plaintiff was brought about by an unauthorized act for which the city was not responsible, and plaintiff had adequate remedy against the wrongdoers for tort, and against those who drew the salary for money had and received. As we have seen, in the case of one having the rank of officer, the public may not be penalized by being required to pay twice. In the case of one having the rank of employee only, the public ought not to be held liable beyond the damages resulting from ordinary breach of contract. In case of breach of contract of employment, the rule relating to minimizing damages applies. The employee is not privileged to remain idle at the expense of his employer.

The precise question involved has not heretofore been determined by this court. The cases of *McLaughlin v. Green*, 96 Kan. 641, 152 Pac. 661, and *Youmans v. Wyandotte County*, 68 Kan. 104, 74 Pac. 617, cited by plaintiff, are not pertinent. Outside this state there is some conflict among the authorities and those on which plaintiff relies have been carefully examined. It is not necessary to review them. A well-considered opinion on the subject, and one which accords with the clear weight of authority, is the opinion of the appellate division of the supreme court of New York, in the case of *Sutliffe v. City of New York*, 117 N. Y. S. 813.

The judgment of the district court is affirmed.