No. 34,609

CHRISTOPHER M. STURGIS, *Appellee,* v. THE CITY OF KANSAS CITY, *Appellant.*

(100 P. 2d 661)

Opinion filed April 6, 1940.

*Alton H. Skinner, Edwin A. Schalker, William H. Towers* and *Joseph A. Lynch,* all of Kansas City, for the appellant.

*J. Willard Haynes,* of Kansas City, for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was an action against a city to recover specified sums of money alleged to constitute separate balances due as salaries for separate and distinct employments which covered a period of years, and for interest on the respective balances from the dates the respective employments terminated. Plaintiff prevailed, and the city has appealed.

Plaintiff attempted in his petition to state a single cause of action for the total amount due under three separate employments, on the theory of an open account. The petition, however, in substance alleged: Plaintiff was employed in the engineering department of Kansas City, Kan., the city having a population of more than 100,000, during a total period beginning December 14, 1933, and ending June 16, 1938; defendant became and remains indebted to him on an open account for balances due for salary as a transitman, chainman and draftsman during the total period from December 14, 1933, to June 16, 1938, in the sum of $2,881.85, together with interest at six percent per annum from the dates due, as shown by an itemized statement attached to the petition. He was employed as transitman from December 14, 1933, until December 26, 1934; his salary as a transitman during that period was fixed by ordinance No. 24554, at $1,800 per annum; he was employed as chainman from December 26, 1934, until April 23, 1935; his salary as a chainman was fixed by ordinances Nos. 27151 and 27563 at $100 per month and $1,200 per annum, respectively; he was employed as a draftsman from April 23, 1935, until June 16, 1938; his salary as draftsman for that period was fixed by ordinances Nos. 27709 and 28120 at $175 per month and $2,100 per annum, respectively; during the total period of employment defendant failed and neglected to pay the total amount of salary due under the ordinances then in force and applicable to the employment; the balances of salary accrued and owing on the open account were and are the amounts disclosed by an itemized statement attached to the petition. The itemized statement is true and correct; on August 17, 1938, he filed

with the city a verified and itemized claim and statement of that account, which claim is attached to the petition. Defendant has failed, neglected and refused to allow the claim, and has taken no action thereon (the itemized statement disclosed the net balance claimed to be due at the end of each separate and distinct employment and the date the respective balances were claimed to have been due) ; plaintiff was entitled to judgment in the total sum of $2,881.85, with interest thereon at the rate of six percent per annum from dates due, as shown by the itemized statement.

Copies of the ordinances pleaded were attached to the petition. In the itemized statement were set forth the following facts: The exact salary claimed to be due under the respective ordinances for each kind of employment; the weeks or months, if any, during which he received no pay; the weekly or semimonthly payments received; the dates of every payment; the exact amounts he claimed as balances due at the end of each week or semimonthly period; the total amount received during the separate employment periods; and the dates the respective employments terminated, and the balance for each employment claimed to be due on those dates.

The period stated during which he served as a transitman was from December 14, 1933, to December 26, 1934. The monthly salary he claimed to be entitled to receive under the applicable ordinance during the period he served as a transitman was $150. The balance he claimed to be due and unpaid at the end of that employment, viz., on December 26, 1934, was $1,417.60.·

The period during which he claimed to have served as a chainman was from December 26, 1934, to April 23, 1935. The itemized statement for that period was predicated upon his right to receive, as a chainman, under ordinances pleaded, $100 per month. The balance claimed to be due at the end of the period he served as chainman was $28.

The period during which he served as draftsman, according to the itemized statement, was from April 23, 1935, to June 16, 1938. The itemized statement was predicated upon the theory he was entitled to receive, under the ordinances pleaded, the sum of $175 per month. For that period of employment he claimed a balance due in the sum of $1,436.25.

Ordinance No. 24554, relied upon by plaintiff as entitling him to receive $150 per month as a transitman, was in effect at the time he began to work in that capacity. That ordinance authorized the

city to employ not to exceed three transitmen, whose salaries should not exceed the sum of $1,800 per annum.

Ordinances Nos. 27151 and 27563, upon which plaintiff relied for recovery of the balance due him as a chainman, became effective upon the respective dates of December 14, 1933, and January 12, 1935. Ordinance No. 27151 authorized the employment of "not to exceed twelve chainmen, at $100 per month." Ordinance No. 27563, authorizing the employment of chainmen, did not fix the number of chainmen who might be employed, but simply contained the following provision for their employment—"chainmen whose salaries shall not exceed the sum of $1,200 per annum."

Ordinances Nos. 27709 and 28120, upon which plaintiff relied for recovery of balances due him as a draftsman, became effective upon the respective dates of April 24, 1935, and January 8, 1936. Under the first of those ordinances the city was authorized to employ only two draftsmen at wages which were fixed at $175 per month, and not more than ten assistant draftsmen at wages which were fixed at $125 per month. Under ordinance No. 28120 the city was authorized to employ not to exceed five draftsmen, and the salary of each draftsman was not to exceed $2,100 per annum. This last ordinance also authorized the employment of not to exceed five assistant draftsmen at a salary not to exceed $1,500 per annum for each assistant draftsman.

Defendant lodged a general demurrer to the petition, which was overruled. Certain allegations in defendant's amended answer, including the plea that the items of $1,417.60 and $28 were each barred by the three-year statute of limitations, were stricken from defendant's answer on motion of the plaintiff. Defendant filed an amended answer and later a second amended answer. The latter answer contained a general denial of liability, and further, in substance, alleged: Plaintiff was not employed for any specific period and was at liberty to discontinue his services at any time if he deemed the wages paid insufficient; plaintiff elected to remain in defendant's employ during the respective periods mentioned, and elected to receive the compensation paid, without protest concerning its insufficiency; during his employment no demand had ever been made for the compensation he now sought; plaintiff had been paid in full for all amounts due him as an employee of the defendant.

Plaintiff's reply contained a general denial of all new matter pleaded in the second amended answer. At the trial the parties

stipulated concerning certain facts. The stipulation was supplemented by additional documentary evidence introduced by defendant and by oral testimony of both parties. The action was tried by the court without a jury. The stipulated facts were incorporated in the findings made by the court. Defendant moved for certain findings and conclusions of law based upon its theory of the lawsuit. The motion was overruled. Defendant moved to set aside the findings of fact and conclusions of law made by the court. The motion was overruled. Defendant complains of all adverse rulings.

It will serve no useful purpose to incorporate herein the stipulated facts or the quite lengthy findings of fact and conclusions of law. It will be sufficient to discuss the theories upon which the conclusions of law were made. If those theories are correct, the judgment must stand. If they are not correct, the judgment must fall.

The principal theories upon which the judgment rests are that this was an action upon an open and continuous account, and that the respective ordinances fixed the salary or wages of plaintiff at the rate of $150 per month as a transitman, $100 per month as a chainman, and $175 per month as a draftsman.

Was this an action upon an open account? The allegation in the petition that defendant became indebted to plaintiff upon an open account, of course, did not determine the nature of the action. It should be noted at the outset this was not an action to recover a balance due under a single hiring. Here there were three separate and distinct employments. Each employment, under the undisputed evidence, was the result of a separate and distinct appointment. The salary or wages differed under each employment and was authorized by separate and distinct ordinances. Nor was this an action to recover a balance due upon a single contract of hiring to undertake and complete a specific piece of work. Nor was it an action to recover a balance due for work where time for payment was not fixed. The petition, including the itemized statement, clearly indicates an attempt to recover three separate alleged balances due under three separate and distinct employments, at different wages or salaries, and under separate ordinances. The ordinances either authorized the payment of an amount as annual salary which could not be exceeded, and provided for semimonthly payments, or set a monthly or weekly wage. The three separate and distinct balances alleged to be due at the termination of the

respective employments were: balance due as transitman December 26, 1934, the sum of $1,417.60; balance due as chainman April 23, 1935, the sum of $28; balance due as draftsman June 16, 1938, the sum of $1,436.25. Interest at six percent per annum was sought and obtained from the date of the termination of each of the separate and distinct employments. The ordinance under which plaintiff was first employed as a transitman required his salary to be paid in equal semimonthly installments. It was so paid, except during a period of about eight months, during which he did not work. During the separate periods he worked as chainman and draftsman his salary (or wages) was paid weekly. The total balance claimed to be due under each of the respective employments was comprised of balances alleged to be due at the end of each weekly or semi-monthly period. This clearly was not an action upon an open account. (*Elevator Co. v. Railway Co.,* 98 Kan. 478, 158 Pac. 859; *Spencer v. Sowers,* 118 Kan. 259, 234 Pac. 972.)

Defendant contends, since this was not an action upon an open account, the three-year statute of limitations barred all claims more than three years old when this action was commenced and that those claims are barred, whether the ordinances then in effect provided only for salary or wages not to exceed a specified sum or whether they provided for a fixed salary. The statute of limitations, of course, began to run on the date his cause of action accrued.

When did this cause of action accrue? Plaintiff was not an officer of the city, but was merely a subordinate employee. The evidence revealed he had no contract, express or implied, for any definite period of days, weeks, months or years. The ordinances which specified the monthly or annual pay of a mere employee did not constitute a contract to retain plaintiff for any definite period. Plaintiff had the right to quit his employment at any time and, had he discontinued his services at any time, the city would have had no right of action against him for breach of contract. On the other hand, plaintiff, a mere appointive employee, might have been removed at the discretion of the city commissioners at any time, with or without cause. (G. S. 1935, 13-2103.) Had he been hired by the month or year his cause of action would have accrued at the end of each month or year and the statute would have begun to run at that time. (37 C. J. 822, Limitations of Actions, § 175.) Plaintiff was not hired by the month or year or for any other definite period. His cause of action for balances due, if any, accrued when each install-

ment payment became due. Where the ordinances did not specify the exact time for payment, plaintiff's cause of action for an alleged balance accrued on each date payment was made in the alleged insufficient amount. He was paid weekly under the first and second employments, during such time as he actually worked, and weekly during the first portion of his third employment. During the remainder of his third employment, he was paid semimonthly.

G. S. 1935, 60-306, *second*, provides: ·

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards:

"*Second.* Within three years: An action upon contract, not in writing, express or implied; an action upon a liability created by statute, other than a forfeiture or penalty."

This action was not commenced until August 25, 1938. It follows the action was barred as to salaries claimed to be due plaintiff as transitman and chainman. The action was likewise barred as to wages or salaries claimed as draftsman which became due prior to August 25, 1935.

Is plaintiff entitled to recover the sum of $175 per month claimed to be due him as an alleged draftsman after August 25, 1935? The last ordinance passed during that period was ordinance No. 28120, which became effective January 8, 1936. We shall first consider whether the plaintiff was entitled to recover $175 per month between August 25, 1935, and January 8, 1936, and will then consider his claim for the period after January 8, 1936. The parties stipulated that the five ordinances which have been mentioned were in full force and effect at all times alleged in the petition. They also stipulated that on April 23, 1935, plaintiff was transferred to the position of draftsman and that he accepted the position and worked for the city under the classification of draftsman, and that during all of the period from April 23, 1935, until June 16, 1938, ordinances Nos. 27709 and 28120 were successively in full force and effect. They further stipulated plaintiff was employed in the respective and successive positions alleged in the petition and for the periods of time alleged in each successive position.

The uncontradicted evidence disclosed plaintiff began his services under the classification of draftsman, but as an assistant draftsman, and was paid as an assistant draftsman prior to the effective date of ordinance No. 27709 and while ordinance No. 27563 was still in effect. The latter ordinance, as previously stated, did not definitely

fix the number of draftsmen the city might employ, nor did it definitely fix the salary of a draftsman or assistant draftsman. It provided only that the salary of a draftsman should not exceed $2,100 per annum, and that the salary of an assistant draftsman should not exceed the sum of $1,500 per annum. The next ordinance, namely, ordinance No. 27709, which became effective April 24, 1935, definitely restricted the employment of draftsmen to the number of two, and at salaries of $175 per month. It provided for ten assistant draftsmen at $125 per month. The undisputed record discloses there were two draftsmen, other than plaintiff, employed by the city at $175 per month while ordinance No. 27709 was in effect and the city was prohibited from employing additional draftsmen at $175 per month. Plaintiff was working under ordinances enacted by the city in conformity with statutes designed to enable the city to meet its relief problem. The relief records disclosed plaintiff was never listed as a draftsman until the last half of November, 1935. Prior thereto he was always listed as an assistant draftsman. Moreover, during the entire period between August 25, 1935, and December 19, 1935, inclusive, the latter date being the last date of payment under ordinance No. 27709, plaintiff did not receive less than $125 per month. He would not have been entitled to receive more than $125 per month as an assistant draftsman under ordinance No. 27563, which was in effect at the time he began his services as assistant draftsman, and he would not have been entitled to receive more than $125 per month as assistant draftsman under the following ordinance, No. 27709. It is true plaintiff complained at times that he was not receiving $175 per month, but at no time complained to the city commissioners or made demand upon the city for pay in addition to that which he was receiving and accepting at the regular intervals for payment. He was not an officer of the city and could have been discharged by the city commissioners at any time, with or without cause. Decisions relating to statutory city officers who are employed for a definite term and at a fixed salary are not controlling in this case. His reason for not making the demand upon the city was that he was afraid of jeopardizing his job. Had the city known he was claiming the salary of a draftsman, he probably would have lost his job, as the city had no authority to hire three draftsmen at $175 per month after April 24, 1935. Plaintiff made no effort to show the other two men were not employed as draftsmen at $175 per

month, nor did he prove he had a contract of employment at $175 per month. He accepted the pay he received and, under all the circumstances, his evidence failed to establish a cause of action for more. (43 C. J. 902, Municipal Corporations, § 1652.) Our attention is directed to the fact plaintiff received pay at the rate of $135 per month on the last three semimonthly payment dates while ordinance No. 27709 was still in effect. Before plaintiff was entitled to recover as a draftsman for that period, he was likewise obliged to prove the city was authorized to employ another draftsman. That he did not do. Moreover, we may pause to note that plaintiff was employed under relief ordinances and that he cannot obtain satisfaction out of the general fund of the city for such employment, but is obliged to look to the proceeds from the sale of bonds issued for relief purposes. He was repeatedly advised funds from that source were not available for additional pay, and there was no evidence such funds were available or that under proper management by the city they should have been available.

This brings us to the last period during which plaintiff claimed to be employed as a draftsman. That period extends from the effective date of ordinance No. 28120, which was January 8, 1936, to the end of his services, on January 16, 1938. Here again we pause to note that plaintiff was not a statutory officer of the city, but merely a subordinate employee. (*Bassler v. Gordon,* 122 Kan. 692, 694, 253 Pac. 228.) The specific ordinance under which plaintiff claims compensation for this particular period did not definitely fix the plaintiff's compensation. It merely authorized the city to employ five draftsmen at salaries not to exceed $2,100 per annum and five assistant draftsmen at salaries not to exceed $1,500 per annum. During this entire period plaintiff was at all times paid semimonthly, and less than $175 per month. Under that ordinance, assuming plaintiff was actually a draftsman and not an assistant draftsman, the city was not obliged to pay him the maximum of $175 per month. It was only denied the right to pay him more than that amount. Under such an ordinance, in the absence of a contract with the city for a definite salary, the city had the right to fix plaintiff's pay at less than that amount. (*Village of Lombard v. Anderson,* 280 Ill. App. 283, 286, 287.) Plaintiff had no contract for any definite term or salary. His action for recovery necessarily was predicated on a breach of the implied contract of the city to pay him the compensation provided by the ordinance. (*Bassler v.*

*Gordon,* supra, p. 693.) He proved no breach of that implied contract. It has been held the acceptance of the amounts paid under the implied contract of such an ordinance, without protest, constitutes an estoppel to claim more than has been accepted. (*Village of Lombard v. Anderson,* supra, p. 287.) We need, however, not rest the decision on the doctrine of estoppel. Plaintiff's claim must fail for another reason. Where a contract does not fix the actual compensation to be paid, the employee will be allowed a fair wage for the services rendered. (39 C. J. 171.) Plaintiff made no effort to prove the amounts he had received and accepted did not constitute fair compensation for the services rendered.

The trial court should have made findings of facts and conclusions of law in accordance with the views herein expressed, which views are in substantial accord with the findings of fact and conclusions of law requested by the defendant.

The judgment is reversed with directions to enter judgment for the defendant.