No. 40,979

JAMES E. HARRIS, *Appellant,* v. CITY OF TOPEKA, KANSAS, *Appellee.*

(327 P. 2d 1088)

Opinion filed July 7, 1958.

*Sam A. Crow,* of Topeka, argued the cause, and *Jacob A. Dickinson, David Prager,* and *William W. Dimmitt, Jr.,* all of Topeka, were with him on the briefs for the appellant.

*James H. Hope,* of Topeka, argued the cause, and *Myron L. Listrom, Malcolm G. Copeland,* and *Louis F. Eisenbarth,* all of Topeka were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: Plaintiff appeals from an order of the trial court sustaining defendant's demurrer to his amended petition.

This case was previously considered by the court in *Harris v. City of Topeka,* 180 Kan. 758, 308 P. 2d 88, an appeal from the trial court's order sustaining a motion to strike portions of plaintiff's original petition and granting leave to amend. Plaintiff resultingly filed his amended petition, which will be hereinafter referred to as the petition except where clarity demands it be denominated the amended petition. The allegations thereof were fully set out in the previous opinion. Here we will quote those parts necessary to determine the correctness of the trial court's order sustaining the demurrer and will only summarize other parts.

The petition alleged that on November 8, 1955, a claim for overtime wages or salary was filed with the defendant, under G. S. 1949, 12-105, as amended (G. S. 1957 Supp. 12-105) and that claim was denied; from April 1, 1950, to October 5, 1955, the date of discharge, plaintiff was a continuous full time employee of defendant; the amount of the overtime itemized into five day work weeks during

the period of his employment was shown although the overtime had been indicated in the original petition in six items covering several months in each item.

In place of a short phrase that had appeared in the original petition reading,

"that said services consisted in part of boiler tending at defendant's plant . . .,"

the amended petition included a more detailed allegation as to plaintiff's services (new part italicized) as follows:

"That said overtime labor and services were performed at the oral request of the defendant; *that said services consisted of boiler tending at defendant's plant and generally caring for defendant's plant; said boiler tending and care of the plant included but was not limited to the care of the asphalt or mixing plant, checking the boiler equipment, observing and checking the steam pipes, water gauges, supplying coal to the boiler to keep up the steam in the boiler; observing and checking the boiler flues and keeping them clean, observing, checking and cleaning the firebox and furnace and the responsibility of seeing that no damage came to the property of the city by the actions of anyone or the negligent or inefficient operation of the boilers, including two asphalt boilers;* that the reasonable value of plaintiff's overtime labor and services, as aforesaid, is $1.25 per hour; that defendant is indebted to plaintiff in the sum of $4,211.25 for overtime labor and services performed for the defendant at the special instance and request of the defendant."

Finally, it was alleged that plaintiff had made numerous demands upon defendant for overtime services or labor but it had refused to pay such demands. The total amount of $4,211.25 for overtime services and labor was alleged although the amount previously alleged to be due was $2,771.25.

Defendant's general demurrer to this petition was sustained by the trial court and plaintiff appeals from such order wherein the trial court stated:

". . . the demurrer to the Amended Petition filed by the plaintiff in the above entitled action should be sustained upon the grounds that the Amended Petition does not state facts sufficient to constitute a cause of action for the reason that the plaintiff is estopped by his own conduct from claiming any further wages from the defendant."

Plaintiff's petition, in substance, alleged that he was filing a claim, as amended, under G. S. 1949, 12-105 which, in part, provides:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and

place of the happening of the accident or injury received and the circumstances relating thereto . . .,"

and he is bound by the terms thereof which have been interpreted not to apply to actions in *quantum meruit.* Notwithstanding this he relies on *Ritchie v. City of Wichita,* 99 Kan. 663, 666, 163 Pac. 176, which involved a paving contract. That action was based upon the theory of *quantum meruit* for the work actually done under the contract. No compliance with the claim statute was apparent in the Ritchie case and this court said the statute had no application to the situation there being considered. The court further said (p. 669) that the case fell within the general principle that where a municipal corporation receives a service, or improvement, which it retains or uses, common honesty requires that it make payment therefor. This general statement might be applicable to our case, but it is difficult to find any other analogy between that case and ours.

On the other hand, defendant relies on *Jenkins v. City of Lindsborg,* 152 Kan. 727, 107 P. 2d 705, where the employee was a day laborer at the municipal gas plant and had been employed by the superintendent of utilities on a basis of thirty cents an hour. A resolution was passed by the city council establishing a minimum wage of forty-five cents an hour. The plaintiff had accepted his pay checks based on the thirty cent hourly rate but claimed the forty-five cent hourly rate for twelve hour days from June 4 to August 13, 1937, and for eight hour days thereafter until April 19, 1938. In the opinion the court said:

"In any event, no express contract by the city, as alleged, to pay appellant forty-five cents an hour was shown, and by his monthly acceptance for many months of checks which he knew were based on a rate of thirty cents an hour, appellant was estopped from asserting an implied contract for payment at a greater rate. For the same reason he was likewise estopped from recovering additional compensation under the second cause of action based on the principle of *quantum meruit.*" (p. 730.)

The judgment of the trial court sustaining a demurrer to the petition was affirmed in the Jenkins case and in the first paragraph of the syllabus this language appears:

"An employee of a municipality who holds no city office with fixed term or salary, but may be discharged at any time with or without cause, who signs vouchers and accepts pay checks for many months at the rate of pay tendered, and who files no claim for additional compensation until after his services are terminated, is thereafter estopped, in the absence of express contract otherwise, from making such claim."

Likewise defendant cites *Sturgis v. Kansas City,* 151 Kan. 658, 100 P. 2d 661, concerning a subordinate city employee who sought compensation for services rendered under three separate and distinct employments with the city ranging over a period of years, during which he could have resigned at any time without liability for breach or the city could have discharged him at any time. He was paid by the week for his first two employments and for part of the third but during the latter part of the last one his pay was on a semimonthly basis. Evidence was introduced in support of these facts and the court applied the three year statute of limitations. The action had been commenced on August 25, 1938, and salaries claimed prior to August 25, 1935, were, therefore, barred since under the facts the employee had accepted them without protest. This acceptance constituted an estoppel to claim more than had been so accepted. However, in the Sturgis case the doctrine of estoppel did not need to be the determinative factor. The court in directing that judgment for defendant be entered by the trial court further said the claim failed for another reason:

"Where a contract does not fix the actual compensation to be paid, the employee will be allowed a fair wage for the services rendered. (39 C. J. 171.) Plaintiff made no effort to prove the amounts he had received and accepted did not constitute fair compensation for the services rendered." (p. 667.)

To say that plaintiff's petition sufficiently states a cause of action would overrule the foregoing decisions and that should not and cannot be done because in effect it would undermine the whole economic structure of municipalities as well as other governmental units of the state. How could budgets and tax levies be determined in advance with any degree of certainty if such claims as the one here involved had no limitation? There would be no end to such a practice and it cannot be allowed.

Plaintiff makes it crystal clear that he is only claiming overtime and since his petition is silent as to compensation for his regular employment, the inescapable conclusion is that he has been paid in full therefor. While he may have been entitled to the overtime for his services if demand had been seasonably made therefor, what was said in the Jenkins case, *supra,* precludes and estops his recovery now under the allegations of his amended petition, the sufficiency of which is the only thing here being determined.

We conclude the trial court was correct in its order sustaining the demurrer and the judgment is, therefore, affirmed.