No. 44,878

W. H. Stauffer, d/b/a W. H. Stauffer Construction Co., *Appellee*, v. City of Topeka, Kansas, a Municipal Corporation, *Appellant*.

(436 P. 2d 980)

Opinion filed January 27, 1968.

*Gary A. Savaiano*, Assistant City Attorney, argued the cause, and *John W. Lewis*, City Attorney, *Donald S. Simons*, *William B. McCormick* and *William L. Harris, Jr.*, Assistant City Attorneys, were with him on the briefs for the appellant.

*Louis F. Eisenbarth*, of Topeka, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a judgment against the City of Topeka in an action for damages resulting from the breach of a contract for construction of a storm sewer.

The facts are not in dispute.

On or about September 12, 1963, the plaintiff entered into a written contract with the defendant to construct a storm sewer from the Kansas River southward generally along Madison Avenue to a point at approximately the intersection of Third and Madison. At the intersection of First and Madison Streets the storm sewer was to be constructed under three railroad tracks belonging one each to three third party defendants.

The duties and obligations of the plaintiff and defendant in connection with the railroad tracks were contained in an addendum which was a part of the contract and provided:

"*a. At the intersection of First and Madison Streets*, the City will make arrangements to have the three existing railroad tracks temporarily rerouted over a single track located near the south edge of the street right of way, for a distance sufficient to permit excavation for the concrete storm drain to be

by open cut. The Contractor shall construct the concrete storm drain through the area occupied by the now existing tracks, shall cure the concrete and complete backfill in accordance with the pertenant (sic) paragraphs of these specifications after which the tracks will be reconstructed in the original location and the by-passing track will be removed under the before mentioned arrangements made by the City. It will be the responsibility of the Contractor to plan and schedule his work and to give the City Engineer 30 days notice of the time when he intends to begin excavation within 50 feet of the norther (sic) most track, and to expidite (sic) the construction of the storm drain in the area so that the use of temporary trackage can be limited to the shortest possible duration."

On January 9, 1964, the plaintiff contemplated construction at the railroad tracks within thirty days and so informed the defendant in writing. The defendant failed to have the tracks removed until April 14, 1964, causing the project to be delayed 47 days and part of plaintiff's personnel and equipment remained idle during such time.

In the petition the value of lost time in use of equipment and personnel was itemized for a total of $23,077, and an additional $10,000 was claimed for delay in the employment of equipment and personnel on other jobs.

The defendant answered denying generally and further alleging that plaintiff's damages, if any, were caused by the negligence of others. It then filed a third party petition against the three railroad companies. The claim against the third party defendants was severed from the primary case for trial purposes and is still pending. The trial to a jury in the primary case resulted in a verdict and judgment against the defendant for $23,000.

The defendant has appealed.

The appellant first makes the rather ingenuous contention that "its duty to make *arrangements* is entirely different than any duty to actually remove said tracks" and the court erred in not so instructing the jury. The appellant states that the duty "to arrange to do something does not require that the thing be actually done by the party so arranging."

We find no merit in appellant's contention. It must have been known to all parties that the appellee had committed his equipment and personnel to the construction project and all would be made idle if the tracks were not rerouted as anticipated by the contract.

The appellant agreed to "make arrangements to have the three existing railroad tracks temporarily rerouted." If it did not make binding arrangements that was its responsibility and not the re-

sponsibility of the appellee. In *Bailey v. Talbert*, 179 Kan. 169, 294 P. 2d 220, we held:

"In case of a written contract the statement, 'I cannot do it,' never relieves the promisor because he has agreed and definitely bound himself to perform and cannot be heard to say otherwise. (Following *State Highway Construction Contract Cases*, 161 Kan. 7, 67, 166 P. 2d 728.)" (Syl. 7.)

We are forced to conclude that the appellant obligated itself to make arrangements by which the tracks would definitely be re-routed in accordance with the terms of the agreement and the trial court properly so instructed the jury.

Appellant also contends that the appellee could not maintain the action because of failure to comply with K. S. A. 12-105 which provides in part:

"No action shall be maintained by any person or corporation against any city on account of injury to person or property unless the person or corporation injured shall within three (3) months thereafter and prior to the bringing of the suit file with the city clerk a written statement, giving the time and place of the happening of the accident or injury received and the circumstances relating thereto: . . ."

Without entering into the various arguments of the parties, it will suffice to say that as specifically provided by the statute it has application only to actions for *injury* to persons or property, *i. e.*, tort actions. The statute has no application to actions on contracts where the rights and liabilities of the parties are before them in writing. (*Ritchie v. City of Wichita*, 99 Kan. 663, 163 Pac. 176; *Frederick v. City of Bonner Springs*, 104 Kan. 257, 178 Pac. 435; *Harris v. City of Topeka*, 183 Kan. 359, 327 P. 2d 1088.)

The judgment is affirmed.

APPROVED BY THE COURT.