The Honorable J.R. (Jack) Wempe State Representative, One Hundred Thirtieth District State Capitol, Room 284-W Topeka, Kansas 66612-1504
Dear Representative Wempe:
As state representative for the one hundred thirteenth district you inquire whether those represented as et al. and similar phrases on the tax rolls must be identified as landowners for purposes of an election pursuant to K.S.A. 24-1219.
You indicate that a watershed district formed pursuant to K.S.A. 24-1201et seq. is having an election to approve an increase in the current tax levy as required by K.S.A. 24-1219. This statute requires the proposition of an increased levy be submitted to and approved by a majority of the qualified electors voting at an election thereon. In keeping with Attorney General Opinions No. 77-93 and 88-51, a qualified voter as defined by K.S.A. 24-1202(j)] may be one of two things: first, any person who is a registered voter in the district; and second, any person eighteen years or older who owns land within the district, whether or not a registered voter or a resident of the district. A landowner is defined by K.S.A. 24-1202(k) as the record owner of the fee. See
Attorney General Opinion No. 88-51 (where we conclude that a record owner does not include a spouse whose name is not on the recorded title even though the spouse has an interest in the realty under Kansas marital property statutes). The issue presented by your question is whether tax rolls that identify landowners as et al., et ux. and et vir. suffice to qualify such landowners as "qualified electors" when the landowners are not registered voters and not residents of the district.
K.S.A. 24-1219 (discussed above) requires that the election to approve the tax levy be called and held "in the manner prescribed for the calling and holding of elections upon the question of the issuance of bonds under the general bond law." The general bond law, K.S.A. 10-120, provides that the proper municipal officers shall call and hold the election and it also provides for notice. See 26 Am.Jur.2d Elections sec. 187 (1966). It however does not address your question nor provide any guidance. We therefore look to other provisions of the watershed district act for guidance.
Land ownership is addressed in K.S.A. 24-1203 which statutorily establishes that tax rolls provide satisfactory evidence of title. It states:
 "Provided, That for purposes of determining ownership, the county clerk of the county in which any part of the watershed is described shall, upon demand, furnish the record of the ownership of the lands within the county from the tax rolls of said county, and said record of ownership shall be satisfactory evidence of title."
The tax rolls, however, use three Latin terms that identify unnamed individuals as landowners. Et ux. and et vir. indicate that a landowner's spouse's (wife or husband respectively) name appears on the recorded deed and when transferred to the tax rolls was represented by the Latin phrase. Black's Law Dictionary 497, 1048 (1979). See Attorney General Opinion No. 87-106 (county clerk has the discretion to list undivided fractional interest jointly or individually.) Et. ux. and etvir. might otherwise suffice to qualify landowners as "qualified electors" because they indicate the named landowner's spouse who can be readily identified; however a divorce and subsequent remarriage voids the argument. The third Latin phrase, et al., means "and others," and also does not identify such landowners. In our judgment, given that the individuals cannot be readily identified, et ux., et vir. and et al. do not suffice to identify persons as landowners and thus qualified electors.
Article 5, section 4 of the Kansas constitution requires the legislature to "pass such laws as may be necessary for ascertaining by proper proofs, the citizens who shall be entitled to the right of suffrage." In K.S.A. 24-1203 the legislature evidences a clear intent to provide a means for determining ownership of land and statutorily determining conclusive evidence of title. Whether a person offering to vote is a landowner in the district is a question of fact. See Bartonv. Turkey Creek Watershed Joint District No. 32, 200 Kan. 289, 512 (1968) (considering the question of the sufficiency of a petition signed by the qualified electorate of the district). See generally Hamen v. Lindley,152 Kan. 63, 68 (1940); Burke v. State Board of Canvassers, 152 Kan. 826
(1940). Generally when the question of the right to vote arises the courts have looked to the statutes dealing with the conduct of elections found at K.S.A. 25-407 et seq. See Burke, supra at 835. K.S.A. 25-414
makes it the duty of each judge of an election sitting at a polling place to challenge the qualifications of any person offering to vote whom he may suspect is not a qualified elector. When a person offering to vote is not named on the tax rolls a challenge may be effected pursuant to the statutory provisions dealing with a challenge to a voter, K.S.A. 25-409
and 25-410. We note that the oath requested by K.S.A. 25-410 is not applicable thus requiring the application of K.S.A. 54-101 et seq. dealing with oaths and affirmations generally. See specifically K.S.A. 54-104. If challenged, the landowner must establish the right to vote by presenting a copy of the recorded deed identifying the person as a landowner. See K.S.A. 25-2908 (challenged voter) and K.S.A. 25-2601
(making certain election laws apply). See also Lambreth v. Levens,237 Kan. 614, 618 (1985) (discussing K.S.A. 25-2908 requiring a challenged voter to establish the right to vote); 25 Am.Jur.2d Elections
secs. 102, 237 (1966).
In our opinion, in an election to approve a tax levy increase a watershed district, formed pursuant to K.S.A. 24-1201 et seq., must determine who is a qualifying landowner for purposes of establishing "qualified elector" status. See Barten, supra at 512. By statute, the tax rolls establish satisfactory evidence of title when furnished by the county clerk as a record of ownership, K.S.A. 24-1203. When, however, a qualified landowner's identity appears as et al. on the tax rolls, the election judge may challenge such voter's qualifications using the general conduct of election laws found at K.S.A. 25-407 et seq. If challenged, the landowner must establish the right to vote by presenting a copy of the recorded deed identifying the person as a landowner in the district.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm